422 F.2d 1168
 73 L.R.R.M. (BNA) 2337
 Steven J. LADAY, Erwin A. Tarnow, Sr., Erwin P. Murawski,
John M. Thekan, Raymond A. Wittig, and Elmer
Jensen, Plaintiffs-Appellees, Cross-Appellants,
v.
CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY, a
Wisconsin corporation, Defendant-Appellant, Cross-Appellee.
 Nos. 17639, 17640.
 United States Court of Appeals Seventh Circuit.
 Jan. 29, 1970.
 
 James D. Porter, William S. Porter, Milwaukee, Wis., for Steven J. laday.
 Rodger S. Trump, Richard R. Robinson, Milwaukee, Wis., for Chicago, M., St. P. & Pac. R.R. Co.
 Before KILEY, SWYGERT and FAIRCHILD, Circuit Judges.
 SWYGERT, Circuit Judge.
 
 
 1
 In March 1965 plaintiffs brought this action under section 3 First (p) of the Railroad Labor Act, 45 U.S.C. 153 First (p), to enforce an award of the National Railroad Labor Board, Third Division. After twice remanding the award to the Board pursuant to the 1966 amendments of section 3 First of the Act for interpretations, the district court entered judgment for the plaintiffs in the sum of $12,240.47 plus attorneys' fees. The railroad has appealed from the judgment. The plaintiffs have cross-appealed from a denial of prejudgment interest.
 
 
 2
 The award was based on a claim filed on behalf of the plaintiffs under a collective bargaining agreement between the railroad and the Brotherhood of Railway & Steamship Clerks, freight Handlers, Express & Station Employees. The claim read as follows:
 
 
 3
 Claim of the System Committee of the Brotherhood that:
 
 
 4
 1. The Carrier violated and continued to violate the Clerks' Rules Agreement when it arbitrarily established and designated a position of Assistant District Storekeeper in the Store Department at Milwaukee Shops, Milwaukee, Wisconsin, without negotiation or agreement, excepting the position from the application of the schedule rules, and assigned the occupant to general supervisory work regularly assigned to and performed by positions fully covered by the Rules Agreement.
 
 
 5
 2. The Carrier shall now be required to properly bulletin and assign the position of Assistant District Storekeeper, presently occupied by Employe T. H. Reidy, in the Store Department at Milwaukee Shops, Milwaukee, Wisconsin, to employees in Seniority District #118 in accordance with the provisions of the Clerks' Rule Agreement.
 
 
 6
 3. The Carrier shall now be required to compensate the following employes for a day's pay at their respective rates of their supervisory positions, which were abolished on January 10 and February 28, 1958, for each day subsequent to February 28, 1958 that Employe T. H. Reidy performs supervisory work covered by the Clerks' Rules Agreement:
 
 
 7
 The claim arose from the railroad's abolition of the supervisory positions held by the plaintiffs. Since the Board did not reach the merits of the claim, we think it is unnecessary to state any underlying facts that might supplement those contained in the claim itself.
 
 
 8
 The Board ruled that because the railroad failed to act on the claim within the time limit provided in the collective bargaining contract, the railroad was required 'to allow the claim as presented.'[1] Apparently, the Board took the compulsory default of the railroad into consideration when it limited the period for which damages were awarded to the date the claim was actually denied, July 31, 1958.
 
 
 9
 The sole problem presented to the district court was to translate the Board's award into precise money amounts. In aid of a resolution of the problem, the parties stipulated at pretrial the amount of pay each plaintiff would have received had he continued to occupy the abolished supervisory position commencing March 1, 1958 and through July 30, 1958. The amounts so stipulated totaled $12,240.47. The parties also stipulated the pay the plaintiffs actually received during this period in positions other than the abolished jobs.
 
 
 10
 The plaintiffs contended that they were entitled to the amounts of pay they would have received under the abolished jobs without deduction of the amounts they actually were paid. The district court disagreed, reasoning that this construction of the contract 'would result in the imposition of a substantial penalty on the defendant for a procedural default under the agreement.' On plaintiffs' motion for modification of judgment, the court vacated the judgment previously entered and on its own motion remanded the case to the Board. In so doing the court explicitly recognized the applicability of the 1966 amendments of section 3 First of the Act, even though the action for enforcement was commenced before the effective date of the amendment.[2]
 
 
 11
 On remand the Board held that the railroad's failure to decline the claim within the contract time limit constituted a confession of judgment and that 'automatic' allowance of the claim was required. Since the claim was not determined on the merits, the Board ruled that the amounts of pay actually earned by the plaintiffs during the critical period were not to be deducted in computing damages.
 
 
 12
 Upon receipt of the Board's interpretation, the district court was presented with a new dispute between the parties. The plaintiffs contended that they should recover in accordance with the language of the allowed claim, that is, a day's pay for every day of the 107-day period that employee T. H. Reidy held the position of assistant district storekeeper without regard to the actual nature of the work he performed. On the other hand, the railroad contended that the language of the claim referred only to the number of days Reidy actually performed 'supervisory work.' The district judge, correctly holding that the 1966 amendments to the Act do not contemplate court resolution of factual issues by hearing evidence, again remanded the case to the Board.
 
 On the second remand, the Board commented:
 
 13
 The language in the third paragraph of the April 18, 1958 formal claim mentions T. H. Reidy for the first time. It is clear from the reading of the entire formal claim that Reidy was that Assistant Storekeeper in the Store Department. And it is also clear that Reidy held that position all during the period from March 1, 1958 to July 31, 1958. It is not necessary to determine the days Reidy actually performed such work covered by the Agreement. It is sufficient that he was assigned and held that position during that period. This is the claim as presented; this is the claim on which the Carrier defaulted when it failed to abide by the time Limit Rule.
 
 
 14
 Taking cognizance of the parties' pretrial stipulation of the amounts the plaintiffs would have earned during the critical period, the Board then ruled that the plaintiffs were entitled under the award to the specific amounts set forth in the stipulation. Upon receipt of this second interpretation by the Board the district court overruled the railroad's objection that the award as interpreted was arbitrary and without factual foundation and entered judgment for the plaintiffs in the amounts stated therein.
 
 
 15
 On appeal the railroad reiterates its contention that the Board acted arbitrarily in that its award failed to make a necessary factual finding: the number of days that employee Reidy actually performed the duties of assistant storekeeper during the critical period. The railroad argues that the Board dodged the factual issue by stating in its second interpretation: 'It is also clear that Reidy held that position (assistant storekeeper) all during the period from March 1, 1958 to July 31, 1958. It is not necessary to determine the days Reidy actually performed such work covered by the Agreement.'
 
 
 16
 We believe the Board could reasonably interpret its award in the manner it did. The award was accompanied by an 'opinion.' The opinion referred to and quoted from a number of communications between the union representative and the railroad's general storekeeper written before and after the formal claim was filed on April 18, 1958. Reidy's employment as assistant storekeeper during the period from March 1, 1958 to July 31, 1958 was acknowledged by the parties in those communications. This admission gives rise to an inference that Reidy performed 'supervisory work' during the critical period. The railroad presented no evidence to rebut this inference in proceedings before the Board. When this background is considered, the assertion that the literal language of the claim requires that the amount of the award must depend on the actual days Reidy performed his duties becomes a hypertechnical objection lacking in substance. After forfeiting its right to contest the merits of the claim, the railroad in effect is now attempting to raise on issue that concerns the merits. In sum, the award and the Board's interpretations of it are not so unfounded in reason and fact as to make the award unenforceable. Brotherhood of Railroad Trainmen v. Central of Ga. Ry. Co., 415 F.2d 403, 412-415 (5th Cir. 1969).
 
 
 17
 The plaintiffs' cross-appeal is from the refusal of the district court to allow interest from the date of the award, December 16, 1963, to the date of judgment. We are of the opinion that a district court may allow prejudgment interest in appropriate situations. Among the criteria for allowance of interest is whether the amount of damages has been determined or is readily determinable. Here the fact that the award had to be remanded twice to the Board for interpretation argues against any contention that the amount of damages was readily determinable at the time the award was made. Only when the Board rendered its second interpretation on January 31, 1969 did the amount of damages awarded the plaintiffs become fixed and determined. Therefore, the court properly disallowed prejudgment interest in these circumstances.
 
 
 18
 The judgment is affirmed.
 
 
 
 [1]
 The contract provided that if the railroad failed to comply with the time provisions covering the handling of claims or grievances, 'the claim or grievance shall be allowed as presented.'
 
 
 [2]
 Section 3 First (p) and (q), the amendments relied upon by the district court, are applicable to all enforcement actions after June 20, 1966, Brotherhood of Railroad Trainmen v. Denver & R.G.W.R.R. Co., 370 F.2d 833, 835 (10th Cir. 1966). Thus under section 3 First (q) the district court had power to remand this award to the Board for clarification. Brotherhood of Railroad Signalmen v. Chicago, M., St. P. & Pac. R.R. Co., 384 F.Supp. 401, 407 (N.D.Ill.1968), accord, Transportation-Communication Employees Union v. Union Pac. R.R. Co., 385 U.S. 157, 165 n. 4, 87 S.Ct. 369, 17 L.Ed.2d 264 (1966)