**BROTHERHOOD OF RAILWAY AND AIRLINE CLERKS, Petitioner,**

v.

**BURLINGTON NORTHERN, Respondent.**

No. 82 C 2439.

United States District Court, N.D. Illinois, E.D.

Feb. 18, 1983.

Robert Sugarman, Stephen B. Horwitz, Jacobs, Burns, Sugarman & Orlove, Chicago, Ill., for petitioner.

Thomas Knapp, Chicago, Ill., for respondent.

## OPINION

BUA, District Judge.

Before the Court is the petition of the Brotherhood of Railway and Airline Clerks (BRAC) for the award of prejudgment interest and attorneys' fees in connection with an Award issued May 30, 1980, and interpreted July 14, 1982. For the reasons stated herein, the petition for prejudgment interest is denied and the petition for attorneys' fees is denied.

Petitioner brought the instant lawsuit as a result of Respondent's actions bypassing N.L. Pomeroy, the most senior qualified employee, in favor of an individual with less seniority in connection with a promotion. Such action was in violation of the collective bargaining agreement between the parties. A claim brought by BRAC resulted in a finding by the National Railroad Adjustment Board favoring petitioner and awarding "an additional day's pay at the rate of ... $45.33 per day, beginning March 15, 1976 ... subject to future wage increases." Compliance with the Award was to have been accomplished by July 15, 1980. However, no such compliance was forthcoming as on June 17, 1980, Respondent Burlington Northern (BN) requested an interpretation of the Award by the Adjustment Board.

Having received neither compliance with the Award nor an interpretation by the Adjustment Board, BRAC, on April 21, 1982, filed a Petition for Enforcement of the Award. At the request of BN, however, the proceedings in connection with this petition were stayed pending the issuance of the interpretation. Finally, on July 14, 1982, an interpretation upholding the Award was issued. This interpretation concluded that the original Award was not ambiguous as had been claimed by BN. Immediately following the issuance of the

interpretation, BN paid the amount due under the money damage portion of the claim.

*Prejudgment Interest*

BRAC has requested that it be awarded interest in connection with the Award to cover the period between the initial Award and the issuance of the interpretation. It argues that it is entitled to such interest because, in filing for an interpretation, BN had no prospect of prevailing on the claim and because it could not successfully or timely allege that the initial Award had been ambiguous.

BN, on the other hand, contends that its filing was not without merit but instead concerned a genuine dispute which it felt rendered the Award ambiguous. BN felt that an ambiguity arose by the failure of the Award to note whether the amount awarded, which was stated in terms of daily compensation, was to be offset by the actual wages paid to the employee or whether the recovery was to cover a period during which the employee did not work. BN argues that its filing for the interpretation was in good faith and concerned an honest dispute cognizable in an interpretation proceeding under 45 U.S.C. § 153 First (m).

In its interpretation, the Adjustment Board restated the initial Award and found it to be clear and unambiguous. Additionally, the Board's opinion noted that interpretations of Awards are allowed only to interpret matters included in the original Award and do not allow the party seeking the interpretation a "second bite at the apple." The opinion concluded that as the matters argued by BN were not raised in the initial claim, such matters could not be classified as ambiguities and considered in an interpretation.

■ While not specifically set out by statute, the award of prejudgment interest lies within the sound discretion of the District Court. *Syvock v. Milwaukee Boiler Manufacturing Co., Inc.*, 665 F.2d 149 (7th Cir.1981); *Taylor v. Phillips Industries, Inc.*, 593 F.2d 783 (7th Cir.1979). One factor which the Court may consider in the exercise of this discretion is whether the amount of the initial Award was predetermined or otherwise readily determinable. *Laday v. Chicago, Milwaukee, St. Paul and Pacific Railroad Company*, 422 F.2d 1168, 1171–72 (7th Cir.1970). In the instant case, it would appear, on first glance, that the amount of the Award was definite and not subject to dispute. Indeed, the Award specifically states that the rate of pay for the position in question was $45.33 per day. However, were the Court to conclude that the provision of the specific daily amount negated the possibility of any dispute over the Award, a large number of valid issues would be precluded from consideration. Hence, while the Court does not dispute the Board's interpretation opinion concluding that no ambiguity existed, BN clearly had at least a colorable argument that an ambiguity was present in the initial Award.

The Board's initial Award sustained the claim which had been brought by BRAC and in so doing, incorporated the language of the claim into the Award. The language of the claim relating to the amount owed states that the Carrier, BN, shall pay the employee ". . . for an additional day's pay at the rate of position No. 732 which is $45.33 per day . . ." Arguably, as BN noted, this could mean that the total daily wage for the position was $45.33 or that the amount yet to be paid, over and above the wage already received, was that figure. While the Board concluded that the latter interpretation was the proper one, as the Court's analysis reveals, at the very least an argument could be made that a dispute over the terms existed.

The Board's interpretation properly notes that interpretation proceedings under 45 U.S.C. § 153 First (m) are not provided to give the party against whom the Award is made a second chance to prevail. However, the Court is hard pressed to understand how such a rule is applicable to the case at bar. In the instant case, BN sought not to have the Award overruled or changed. It did not introduce any new or different argument by which it sought to have the Board rule in its favor on the Award but instead sought only to clarify the amount

which it was required to pay. This hardly qualifies as a "second bite at the apple."

That BN did not raise the issues of set-off and the leave of absence period until it sought the interpretation does not automatically require a finding that BN's argument regarding the presence of an ambiguity was necessarily invalid. While the Court again concurs that interpretation proceedings are merely to resolve disputes arising from the initial Award, clearly there are those matters which do not surface as ambiguous until after the Award is issued. Certainly it cannot be expected that all disputes arising from the language of an Award be anticipated and resolved prior to the issuance of the Award. It would be patently unfair to disallow review of disputes arising from the specific language of the Award on the basis of the failure of such ambiguities to be raised before the issuance of the Award. Where, as here, the arguable ambiguity arises from the language of the Award, it cannot necessarily be said that such matters cannot be the subject of an interpretation.

In the opinion of this Court, it would be unfair and inequitable to require BN to compensate BRAC for interest covering a two-year period. Initially, as noted by BN, when a dispute arises, *either* party may request an interpretation under 45 U.S.C. § 153 First (m). Additionally, in the instant case, BN filed for the interpretation nearly a full month before the deadline for compliance set out in the initial Award. That the Board did not issue its interpretation until more than two years thereafter should not be charged to BN. Indeed, if the case were as simple as the Board's interpretation would seem to indicate, the interpretation could easily have been issued within the original time for compliance or, at very least, within less time than the two years taken. For these reasons, in the discretion of this Court, the motion for prejudgment interest is denied.

*Attorneys' Fees*

Under 45 U.S.C. § 153 First (p), a prevailing party in a suit to enforce an Award of the Adjustment Board may recover attorneys' fees accrued in the enforcement suit. Under the statute, an enforcement action must be filed within two years from the date of the Board's Award. 45 U.S.C. § 153 First (r).

In the instant case, BRAC first filed its enforcement action on April 21, 1982. However, the proceedings in the enforcement action were stayed pending the issuance of the interpretation. The interpretation was issued nearly three months later, immediately after which the amount awarded was paid by BN to the employee as required by the Award.

The question of an award of attorneys' fees lies within the special competence of the District Court. *United Transportation Union v. Soo Line Railroad Company,* 457 F.2d 285 (7th Cir.1972). In the instant case, a fee award is not justified. Immediately after the issuance of the interpretation, BN paid the amount awarded. Once the interpretation was issued, no compulsion was required to effect payment. It thus cannot be said that BRAC prevailed in or even fully litigated a suit under 45 U.S.C. § 153 First (p) which would give rise to an award of fees. The statute exists to insure that Awards will be enforced. Where no enforcement is required, the attorneys' fees provision of the statute is inapplicable.

CONCLUSION

For the reasons stated herein, the petition for a prejudgment interest and for attorneys' fees is hereby denied.

IT IS SO ORDERED.