Henry **ANDERSON**, Plaintiff-Appellant,

v.

The **NATIONAL RAILROAD PASSEN-GER CORPORATION (AMTRAK)**, Defendant-Appellee.

No. 83–2786.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 20, 1984.

Decided Dec. 6, 1984.*

Opinion Feb. 5, 1985.

---

* This appeal was originally decided by an unreported order on December 6, 1984. Upon consideration of the Motion filed by counsel for the defendant-appellee, the Court has decided to issue the decision as an opinion.

Herbert N. Sirott, Chicago, Ill., for plaintiff-appellant.

Joanna L. Moorhead, Nat. R.R. Passenger Corp., Washington, D.C., for defendant-appellee.

Before BAUER, WOOD, and COFFEY, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Henry Anderson filed a petition in federal district court under the Railway Labor Act seeking review of the Public Law Board's award which upheld his termination of employment with defendant National Railroad Passenger Corporation (Amtrak). We affirm the district court's decision to grant defendant's motion for summary judgment.

Plaintiff was employed by Amtrak as a ticket clerk in Chicago. On July 5, 1978, Mr. George, who was working next to plaintiff, reported that $3,000.00 in cash was missing. Plaintiff and all employees working that evening took a polygraph examination, but plaintiff was the only employee who failed the examination. Defendant asked plaintiff and Mr. George to undergo a second polygraph examination, and, again, only plaintiff failed the test. Pursuant to a collective bargaining agreement, an investigatory hearing was conducted, during which plaintiff testified and was afforded the opportunity to present witnesses. The hearing officer concluded that plaintiff should be dismissed. This decision to dismiss was upheld throughout the appeals process provided under the collective bargaining agreement. Pursuant to the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, plaintiff then appealed to Public Law Board No. 2296. After oral arguments and extensive briefing, the Board upheld the plaintiff's dismissal. Plaintiff then filed the present petition in federal district court seeking reversal of the Board's decision.

The scope of judicial review of Public Law Board decisions is "among the narrowest known to the law." *Union Pacific Railroad v. Sheehan*, 439 U.S. 89, 91, 99 S.Ct. 399, 401, 58 L.Ed.2d 354 (1978). Judicial review is limited to three specific areas: (1) failure of the Board to comply with the requirements of the Railway Labor Act, (2) failure of the Board to confine itself to matters within the scope of its jurisdiction, and (3) fraud or corruption. 45 U.S.C. § 153 First (q). If plaintiff's objections do not fall within any of these three categories, the findings and order of the Board are conclusive and may not be set aside. *Id. See also Sheehan*, 439 U.S. at 93, 99 S.Ct. at 402.

Plaintiff claims that the Board's decision was arbitrary, capricious, and not supported by substantial evidence. In so doing, plaintiff makes a colorable claim that the Board's decision is outside the scope of the Board's jurisdiction, but to succeed on this claim, plaintiff must show that the Board's decision is without foundation in reason or fact, *Laday v. Chicago, Milwaukee, St. Paul and Pacific Railroad*, 422 F.2d 1168, 1171 (7th Cir.1970), or wholly baseless and without reason, *Gunther v. San Diego & Arizona Eastern Railway*, 382 U.S. 257, 261, 86 S.Ct. 368, 370, 15 L.Ed.2d 308 (1965). The decision of the Board clearly cannot be described as lacking a foundation in reason or fact for it was founded in both.[1] Although plaintiff

---

1. The Board reasoned as follows:

 The Carrier, we are satisfied, proceeded in an orderly manner, and conducted the investigation within the provisions of the Agreement. At the conclusion, it found that Claimant had responsibility in the disappearance of the funds. The Carrier's officers must have

may disagree that the evidence underlying the Board's decision is adequate, the sufficiency of the evidence comprising the foundation of the Board's decision is not reviewable. The Board's determination is conclusive. *Kotakis v. Elgin, Joliet & Eastern Railway*, 520 F.2d 570 (7th Cir.) *cert. denied*, 423 U.S. 1016, 96 S.Ct. 451, 46 L.Ed.2d 388 (1975); *Edwards v. St. Louis-San Francisco Railroad*, 361 F.2d 946 (7th Cir.1966).

Plaintiff also argued that Amtrak violated his fifth amendment due process rights in terminating his employment. According to plaintiff, Amtrak's actions constitute governmental action for due process purposes because of the government's "total and pervasive control" over Amtrak. Amtrak is intertwined with the government to a certain extent. Amtrak was established by an act of Congress, 45 U.S.C. § 541, and the federal government is represented on Amtrak's nine-member board by six members who can control the appointment of a seventh member, the president of the corporation. 45 U.S.C. § 543. Amtrak is defined as a "mixed ownership Government corporation" and, therefore, must comply with federal audit and reporting requirements. 31 U.S.C. §§ 9101(2)(A), 9105(a)(1)(B). Congress, however, explicitly declared that Amtrak is not a governmental agency or establishment. Rather, Amtrak is a for-profit corporation chartered under the District of Columbia Business Corporation Act. 45 U.S.C. § 541. In addition, Amtrak is striving to minimize federal subsidies. 45 U.S.C. § 501a(1) & (14). Amtrak's daily operation is not subject to close government supervision; nor are Amtrak's daily affairs conducted by federal employees. *Ehm v. National Rail-*

*road Passenger Corp.*, 732 F.2d 1250 (5th Cir.1984).

■ The ties between Amtrak and the federal government do not warrant a finding of governmental action for purposes of the fifth amendment. The Supreme Court considered an argument similar to plaintiff's in *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982).[2] In *Blum*, the plaintiff contended that the state was a joint participant in a nursing home's activities because the state subsidized the operating and capital costs of the nursing home, paid 90% of patient medical expenses, and licensed the nursing home. There was no state action because the court was unable to find a nexus between the challenged actions of the defendant and the state's regulation and subsidization. *Id.* at 1010–11, 102 S.Ct. at 2789. This requirement of a nexus between the state and the challenged activity of the regulated entity is based upon considerations of fairness so as "to assure that constitutional standards are invoked only when it can be said that the state is *responsible* for the specific conduct of which the plaintiff complains." *Id.* at 1004, 102 S.Ct. at 2786 (emphasis in original). *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974).

Plaintiff in the instant case has not alleged any nexus between the federal government's involvement with Amtrak and Amtrak's decision to terminate plaintiff. Plaintiff does not suggest that the government was responsible for the alleged inadequate investigation conducted by Amtrak or his termination. There is no allegation that the government is involved with Amtrak's personnel policies or decisions. *Cf. Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418

given great weight to the polygraph tests—both administered by independent agencies.

Carrier's officials must have concluded that the Claimant's failure to pass the tests, indeed his apparent strong showing of a lack of truthfulness in the matter, was sufficient to disqualify him from handling Carrier's funds.

We cannot find that this was an arbitrary or capricious action.

2. Although *Blum* discussed the standard for finding state governmental action under the fourteenth amendment, the standard for finding federal governmental action under the fifth amendment is the same. *Gerena v. Puerto Rico Legal Servs.*, 697 F.2d 447 (1st Cir.1983); *Warren v. Governmental National Mortgage Assoc.*, 611 F.2d 1229, 1232 (8th Cir.), *cert. denied*, 449 U.S. 847, 101 S.Ct. 133, 66 L.Ed.2d 57 (1980).

(1982) (decisions to discharge employees were not compelled or even influenced by any state regulation). The existence of a relationship, without more, is insufficient to support a finding of governmental action and, therefore, Amtrak was not required to provide fifth amendment due process protection to plaintiff.[3] Indeed, numerous district courts agree. *See, e.g., Kimbrough v. National Railroad Passenger Corp.,* 549 F.Supp. 169 (M.D.Ala.1982); *Chaney v. National Railroad Passenger Corp.,* No. 82–339, slip. op. at 7 (D.Del. Feb. 17, 1983); *Moorhead v. National Railroad Passenger Corp.,* No. 81–1579 (D.D.C. March 9, 1982). *Accord Ehm v. National Railroad Passenger Corp.,* 732 F.2d 1250 (5th Cir. 1984) (Amtrak is not a government-controlled corporation within the meaning of the Privacy Act); *Sentner v. Amtrak,* 540 F.Supp. 557 (D.N.J.1982) (Amtrak is not an instrumentality of the government for purposes of liability for punitive damages).

 Plaintiff's final claim alleged that Amtrak's initial investigatory hearing violated the collective bargaining agreement's requirement of a fair and impartial hearing because his attorney was not able to participate, witnesses did not testify under oath, and the investigation involved more than one suspect. The Board found that "[t]he Carrier ... proceeded in an orderly manner, and conducted the investigation within the provisions of the Agreement." The meaning of the contractual provision that required a "fair and impartial hearing" is not for this court to decide. We are bound by the Board's interpretation of the agreement. *Kotakis v. Elgin, Joliet & Eastern Railway,* 520 F.2d 570 (7th Cir.), *cert. denied,* 423 U.S. 1016, 96 S.Ct. 451, 46 L.Ed.2d 388 (1975); *Edwards v. St. Louis-San Francisco Railroad,* 361 F.2d 946 (7th Cir.1966).[4]

**3.** Although plaintiff's complaint alleged that the Board's order violated his fifth amendment due process rights, plaintiff did not press this either in the district court or on appeal.

**4.** Plaintiff also argued on appeal that defendant violated section 7 Third of the Railway Labor Act, 45 U.S.C. § 157 Third. This section requires a board of arbitration to provide the

Accordingly, the decision of the district court is AFFIRMED.

parties with a full and fair hearing. Although this argument fails because plaintiff failed to raise the issue in the district court, this argument also is without merit because section 7 does not apply to Public Law Boards. *Compare* 45 U.S.C. § 153 (Adjustment Boards and Public Law Boards) *with* 45 U.S.C. § 157 (Arbitration Boards).