680 F.Supp. 728 (1987)
In re RAIL COLLISION NEAR CHASE, MARYLAND ON JANUARY 4, 1987 LITIGATION.
THIS DOCUMENT RELATES TO:
HARVEY
v.
NATIONAL RAILROAD PASSENGER CORP.
ALEXANDER
v.
NATIONAL RAILROAD PASSENGER CORP.
ADEBONOJO
v.
NATIONAL RAILROAD PASSENGER CORP.
BENNETT
v.
NATIONAL RAILROAD PASSENGER CORP.
M.D.L. No. 728, Civ. Nos. H-87-1631 to H-87-1633 and H-87-2361.
United States District Court, D. Maryland.
September 24, 1987.
*729 Harold E. Kohn, David Berger, Warren Rubin, Arthur J. Marion, Leonard Barrack, Michael K. Simon and Arnold Levin, Philadelphia, Pa., for plaintiffs.
Richard L. Goerwitz, Jr., Philadelphia, Pa. and Mark J. Daneker, Baltimore, Md., for defendant Nat. R.R. Passenger Corp.
Laurence Z. Shiekman and Stanley S. Frazee, Philadelphia, Pa., and James W. Constable, Baltimore, Md., for defendant Consol. Rail Corp.

MEMORANDUM AND ORDER
ALEXANDER HARVEY, II, Chief Judge.
Presently pending are motions to dismiss filed by defendants National Railroad Passenger Corporation (hereinafter "Amtrak") and Consolidated Rail Corporation (hereinafter "Conrail") in four of the cases consolidated herein. Harvey v. National Railroad Passenger Corp., H-87-1631; Alexander v. National Railroad Passenger Corp., H-87-1632; Adebonojo v. National Railroad Passenger Corp., H-87-1633; Bennett v. National Railroad Passenger Corp., H-87-2361. In the complaints filed in these cases, plaintiffs have asserted that federal jurisdiction over their claims exists under a number of federal statutes, primarily 28 U.S.C. § 1331.[1] Defendants have filed the pending motions to dismiss, challenging the existence of federal question jurisdiction over the claims of these plaintiffs, and presumably over claims filed by other non-diverse plaintiffs.
Memoranda in support of and in opposition to the pending motions have been filed by the parties. No hearing is necessary. See Local Rule 6. For the reasons to be stated, defendants' motions to dismiss will be denied.
At the outset, this Court would note that a motion to dismiss under Rule 12(b), F.R. Civ.P., should be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957). In determining whether to dismiss a complaint, this Court must view the well-pleaded material allegations in a light most favorable to the plaintiff, with the alleged facts accepted as true. 2A Moore's Federal Practice, Para. 12.07 [2.-5] (2d Ed.1987); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357, at 594-97 (1969).
Section 1331 provides that:
The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
In Osborn v. Bank of the United States, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824) (Marshall, C.J.), the Supreme Court held that since the Bank of the United States was created by Act of Congress any suit to which the bank was a party was one arising under the laws of the United States. See also 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3571, at 176 (2d ed. 1984). Osborn was followed and extended in the Pacific Railroad Removal Cases, 115 U.S. 1, 5 S.Ct. 1113, 29 L.Ed. 319 (1885), where the Court held that suits involving any federally chartered corporation, even one privately owned, were within federal question jurisdiction. In response to the potential flood of federal suits engendered by Pacific Railroad, Congress enacted statutes which now appear as 28 U.S.C. §§ 1348 and 1349. See 13B C. Wright, A. Miller & E. Cooper, supra, § 3571. Section 1348 concerns suits by and against national banks, while § 1349 concerns federally chartered corporations generally.
Section 1349 states that:

*730 The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock.
It is apparent that § 1349 is not an affirmative grant of federal jurisdiction, but rather a restriction on jurisdiction that would otherwise be proper under § 1331.
In this case, the argument in support of federal jurisdiction is simple and straight-forward. Both Amtrak and Conrail were created by Acts of Congress, 45 U.S.C. § 501 et seq. (Amtrak) and 45 U.S.C. § 701 et seq. (Conrail), and the federal government owns, or owned at the relevant time, more than half of the respective capital stock of each entity. In discussing Osborn, Pacific Railroad and § 1349, Professors Wright, Miller and Cooper conclude: "Thus there is federal jurisdiction without more of an action by or against a corporation if the United States owns more than half of the capital stock of the corporation." 13B C. Wright & A. Miller, supra, § 3571, at 178.
To counter this argument, defendants assert that certain distinctive features of the Acts that created Amtrak and Conrail indicate that Congress did not intend for suits involving these entities generally to come within federal jurisdiction under § 1331. See 45 U.S.C. § 541; 45 U.S.C. § 741(b). For instance, § 541 provides that:
[Amtrak] shall be operated and managed as a for profit corporation.... [Amtrak] will not be an agency or establishment of the United States Government. It shall be subject to the provisions of this chapter and, to the extent consistent with this chapter, to the District of Columbia Business Corporation Act.
Similarly, § 741(b) states:
[Conrail] shall be a for-profit corporation established under the laws of a State and shall not be an agency or instrumentality of the Federal Government.
As further support for this argument, defendants cite a number of cases which hold, unsurprisingly, that Amtrak is not an agency of the federal government for purposes of, inter alia, the Fifth Amendment, the Privacy Act, and assessing punitive damages. See Anderson v. National R.R. Passenger Corp., 754 F.2d 202 (7th Cir. 1984); Ehm v. National R.R. Passenger Corp., 732 F.2d 1250 (5th Cir.1984); Sentner v. Amtrak, 540 F.Supp. 557 (D.N.J. 1982).[2]
Defendants' arguments concerning this issue are beside the point. Congress's manifest intent to create for-profit corporate bodies subject to state corporation laws, which would not be government agencies, is in no way inconsistent with a simultaneous intent to have litigation involving these hybrid entities fall within federal question jurisdiction. In this regard, the distinctions between Amtrak and Conrail and other government-owned corporate entities created by Acts of Congress, such as the Tennessee Valley Authority or the Federal Deposit Insurance Corporation, are irrelevant.
Since Osborn, or at least since Pacific Railroad, supra, the principle that suits involving federally chartered corporations arise under federal law has remained firmly settled. See 13B C. Wright, A. Miller and E. Cooper, supra, § 3571. Congress has indeed narrowed the further reaches of Osborn and Pacific Railroad (see, e.g., 28 U.S.C. § 1349) but has left the core principle intact. Jackson v. TVA, 462 F.Supp. 45, 50 (M.D.Tenn.1978) ("The Pacific Railroad decision fully retains its validity with respect to corporations created by an Act of Congress and owned by the United States."), aff'd per curiam, 595 F.2d 1120 (6th Cir.1979); see also FDIC v. George-Howard, 153 F.2d 591, 593-94 (8th Cir. 1946). Moreover, the Supreme Court has observed:
It is firmly established that, in the absence of enactments plainly expressing that purpose, Congress will not be held to have intended to restrict that jurisdiction *731 [established in Osborn and Pacific Railroad].
Federal Intermediate Credit Bank v. Mitchell, 277 U.S. 213, 215, 48 S.Ct. 449, 450-451, 72 L.Ed. 854 (1928) (citations omitted); see also Gully v. First National Bank, 299 U.S. 109, 114, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936) (Cardozo, J.) (doctrine of Osborn and its progeny "exceptional," but incontestable absent clear Congressional intent to the contrary).
In their extensive memoranda, defendants have failed to address this crucial point. In creating Amtrak and Conrail, Congress was surely aware of the body of law that has grown up around Osborn. Cf. Jackson, supra, 462 F.Supp. at 52 (discussing clear Congressional intent in 1925 in revising what is now § 1349 to retain federal jurisdiction over government corporations and corporations in which the government owned a controlling interest). Defendants have cited no authority, statutory or otherwise, inconsistent with the conclusion reached herein that Congress created Amtrak and Conrail as private corporations under state law, but subject to federal question jurisdiction as long as the federal government held majority ownership. Accordingly, defendants' motions to dismiss must be denied.
ORDERED that defendants' motions to dismiss be and the same are hereby denied.
NOTES
[1] Since this Court's ruling on jurisdiction under § 1331 is dispositive, this Court need not consider the other statutory bases for federal jurisdiction asserted by plaintiffs herein.
[2] In Sentner, an action also arising as a result of an accident involving two trains, Amtrak tried to escape its potential liability for punitive damages by arguing (unsuccessfully) that it was an instrumentality of the federal government. 540 F.Supp. at 558.