The ESTATE OF Uneka Johnson WRIGHT, Deceased, By and Through Alma M. JOHNSON, Administratrix, and Alma M. Johnson, Individually, and on Behalf of the Wrongful Death Beneficiaries, Plaintiffs,

v.

ILLINOIS CENTRAL RAILROAD COMPANY, National Railroad Passenger Corporation (Amtrak), Don Crimmin, and Mid–South Auction, Inc., Defendants.

Civ. A. No. 3:93–cv–207BC.

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 1, 1993.

Halbert E. Dockins, Jr., Thomas R. Frazer, II, Langston Frazer Dockins & Sweet, Jackson, MS, for Alma M. Johnson.

Charles T. Ozier, Wise, Carter, Child & Caraway, Jackson, MS, for Illinois Cent. R. Co., National R.R. Passenger Corp., Don Crimmin and Amtrak.

Edward J. Currie, Jr., Steen, Reynolds, Dalehite & Currie, Jackson, MS, for Mid–South Auction, Inc.

*ORDER*

BARBOUR, Chief Judge.

This cause is before the Court pursuant to Rule 72(a) of the Federal Rules of Civil Procedure on Plaintiff's Application for Review of Magistrate Judge's Order of July 23, 1993. Having considered the motion of Plaintiffs, the response of Defendants, and the supporting and opposing memoranda, the Court finds that the Order of the Magistrate Judge is not clearly erroneous or contrary to law, and the Court accordingly will not disturb the Order on Plaintiffs' Application for Review. Fed.R.Civ.P. 72(a).

Jurisdiction in this matter is based upon 28 U.S.C. § 1331 which provides that:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C. § 1349 is a limitation on the federal question jurisdiction set forth in section 1331:

The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, *unless the United States is the owner of more than one-half of its capital stock.*

28 U.S.C. § 1349. *See In re Rail Collision Near Chase, Md., on Jan. 4, 1987,* 680 F.Supp. 728, 730 (D.Md.1987) (concluding that "§ 1349 is not an affirmative grant of federal jurisdiction, but rather a restriction on jurisdiction that would otherwise be proper under § 1331."). In reading these two statutes together, it is clear that the Court has jurisdiction in this matter. Amtrak was created by an Act of Congress, 45 U.S.C. § 501 *et seq.,* and at all relevant times the United States owned and owns greater than fifty percent of the capital stock of Amtrak. "[T]he principle that suits involving federally chartered corporations arise under federal law has remained firmly settled." *In re Rail Collision,* 680 F.Supp. at 730.

IT IS THEREFORE ORDERED that Plaintiff's Application for Review of Magis-

trate Judge's Order of July 23, 1993, is hereby denied.

IT IS FURTHER ORDERED that, pursuant to an Order of this Court dated June 10, 1993, holding in abeyance the disposition of Defendants' Motion to Dismiss pending resolution of Plaintiffs' Motion to Remand, Plaintiffs shall have until October 18, 1993, to respond to and brief the issues pertinent to Defendants' Motion to Dismiss.