Carmen L. **RODRIGUEZ** and Ann Marie Guerra, individually and on behalf of the Estate of Samuel Guerra, deceased, Plaintiffs,

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, aka Amtrak, Union Pacific Railroad Company, and Charles Torres, Defendants.**

No. EP–07–CA–013–FM.

United States District Court,
W.D. Texas,
El Paso Division.

April 11, 2007.

James F. Scherr, El Paso, TX, for Plaintiffs.

Robert B. Burns, Jr., Burns Anderson Jury & Brenner, L.L.P., Austin, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND

FRANK MONTALVO, United States District Judge.

Before the Court is Plaintiff Carmen L. Rodriguez's and Plaintiff Ann Marie Guerra's (collectively, "Plaintiffs") "Motion to Remand" ("Motion") [Rec. No. 5], filed through counsel in the above-captioned cause on February 7, 2007. Therein, Plaintiffs argue that Defendant National Railroad Passenger Corporation's ("Amtrack") January 10, 2007 removal of this action to federal district court was improper. Plaintiffs therefore move the Court to remand this matter to the state court in which Plaintiffs originally filed their lawsuit and award them reasonable costs and attorneys' fees, pursuant to 28 U.S.C. § 1447(c). Amtrack filed a "Response to Plaintiffs' Motion to Remand" ("Response") [Rec. No. 8] on February 20, 2007, asserting that its removal of Plaintiffs' lawsuit was proper. Plaintiffs' "Reply to Defendant Amtrack's Response to Plaintiffs' Motion to Remand" ("Reply") [Rec. No. 9] followed on March 5, 2007. For the reasons it discusses below, the Court concludes it should grant Plaintiffs' Motion to the extent of remanding this cause to state court, but will deny their request for reasonable attorneys fees and costs.

## I. BACKGROUND

### A. Procedural History

This lawsuit arises from Samuel Guerra's death at a railroad crossing located in El Paso, Texas. Plaintiffs allege an Amtrack train operated by Defendant Charles Torres ("Torres") struck Guerra's vehicle while Guerra was attempting to traverse tracks maintained by Defendant Union Pacific Railroad Company ("Union Pacific"). Plaintiffs filed their Original Petition against Defendants in County Court at Law Number Three, El Paso County, Texas, on November 13, 2006, alleging various state law negligence causes of action.

Plaintiffs served Union Pacific with their state court suit and citation no later than December 4, 2006.[1] Plaintiffs served both Amtrack and Torres on December 20, 2006. By and through its attorney of record, Robert B. Burns, Jr. ("Burns"), Union Pacific appeared in the state court suit the same day, December 20, 2006, filing its Original Answer. Amtrack, also represented by Burns, appeared and filed its Original Answer on January 3, 2007. Torres, similarly represented by Burns, appeared and filed his Original Answer on January 5, 2007.

### B. Amtrack's Notice of Removal

Amtrack filed its Notice of Removal ("Notice") in federal district court on January 10, 2007. Its Notice did not include written consent to the removal from Union Pacific or Torres. Amtrack also did not allege in its Notice that Union Pacific and Torres consented to removal.

Amtrack premised its removal on the theory that this Court possesses original jurisdiction over Plaintiffs' claims against Amtrack and supplemental jurisdiction over Plaintiffs' claims against Union Pacific and Torres. The Court examines Amtrack's argument more closely, as the basis for its removal is relevant to the Parties' arguments supporting and opposing Plaintiffs' Motion.

---

1. Plaintiffs state that they served Union Pacific's agent for service of process, located in Harris County, Texas, on November 30, 2006, as evidenced by a certified copy of the serving officer's return of service. In any event, Plaintiffs and Amtrack do not dispute that Union Pacific's law department received service on December 4, 2006.

Amtrack expressly based its removal on 28 U.S.C § 1441(a), 28 U.S.C. § 1331, 28 U.S.C. § 1349, and 28 U.S.C. § 1367(a). Section 1441(a) permits a defendant to remove a civil action filed in state court to federal district court if the federal district court would have original jurisdiction over the matter.[2] Section 1331 vests federal district courts with original jurisdiction over civil actions involving a "federal question."[3] A federal question exists in "all civil actions arising under the Constitution, laws, or treaties of the United States."[4] Section 1349 states that "[t]he district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock."[5] In any civil action in which a federal district court possesses original jurisdiction, section 1367(a) gives district courts supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[6]

### C. The Parties' Arguments Regarding Remand

The Court summarizes the Parties' arguments below.

### 1. Plaintiffs' Arguments

Plaintiffs state that several federal district courts have interpreted 28 U.S.C. § 1349 to grant them federal question jurisdiction, and therefore original jurisdiction, over actions involving Amtrack pursuant to 28 U.S.C § 1331. Therefore, these district courts have also determined that Amtrack may remove an action originally filed against it in state court pursuant to 28 U.S.C. § 1441(a), provided the removal is timely and otherwise procedurally proper. Here, Plaintiffs aver that Amtrack's removal of this action was both untimely and procedurally improper because Amtrack did not obtain its co-defendants' written consent to removal. The Court now examines the specifics of Plaintiffs' arguments.

First, Plaintiffs contend Amtrack's Notice of Removal was untimely under the Fifth Circuit's "first served defendant" rule. Citing *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262–63 (5th Cir.1988), and *Brown v. Demco, Inc.*, 792 F.2d 478, 481–82 (5th Cir. 1986), Plaintiffs assert that, in a case with multiple defendants, the Fifth Circuit requires a defendant to file a notice of removal within thirty days of the day on which the first defendant received service. Here, it is undisputed that Union Pacific was the first named defendant in this action to receive service, and that service occurred no later than December 4, 2006.

---

**2.** 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

**3.** 28 U.S.C. § 1331.

**4.** *Id.*

**5.** 28 U.S.C. § 1349. Plaintiffs and Amtrack do not dispute that Congress incorporated Amtrack or that the United States owns more than one-half of Amtrack's capital stock. *See* 45 U.S.C. § 501, *et seq.* (current version at 49 U.S.C. § 24101) (creating the National Passenger Railway Corporation); 45 U.S.C. § 541 (current version at 49 U.S.C. §§ 24101 & 24301) & § 542 (current version at 49 U.S.C. 20101 *et seq.*) (incorporating the National Passenger Railway Corporation).

**6.** 28 U.S.C. § 1367(a).

Under the first served defendant rule, Plaintiffs aver Amtrack had until January 3, 2007 to file a timely notice of removal. Because Amtrack did not file its Notice of Removal until January 10, 2007, Plaintiffs argue the Notice was untimely and the Court must therefore remand this action to state court.

Second, Plaintiffs assert the Court must remand this action because Amtrack failed to obtain Union Pacific's and Torres's written consent to removal within thirty days of the date Plaintiffs served Union Pacific. Plaintiffs argue that *Getty Oil* requires all served defendants to join in a petition for removal no later than thirty days from the date on which the first defendant was served. Because Amtrack did not obtain the required written consent within thirty days of the date Plaintiffs served Union Pacific, Plaintiffs contend that the rule of unanimity articulated in *Getty Oil* requires the Court to remand their lawsuit to state court.

Third, the Court understands Plaintiffs to argue that because Amtrack's removal was untimely, unilateral, and therefore procedurally defective, the Court lacks subject matter jurisdiction over their action. They therefore urge the Court to remand this matter to County Court at Law Number Three and ask the Court to award them reasonable attorneys fees they incurred as a result of Amtrack's allegedly improvident removal, pursuant to 28 U.S.C. § 1447(c).

### 2. Amtrack's Response

Amtrack argues that it had two separate bases for removal. First, Amtrack asserts it could remove the case through the interplay of 28 U.S.C. §§ 1331 and § 1349, which together provide federal district courts with federal question jurisdiction over Amtrack. Second, Amtrack contends that 28 U.S.C. § 1349 creates an independent statutory right of removal and therefore *Getty Oil*'s rules do not apply here.[7] According to Amtrack, when a defendant removes a case from state court pursuant to an independent statutory right of removal, the defendant may do so without its co-defendants' consent and within thirty days of the date the removing defendant receives service. Further, Amtrack argues that other circuits have criticized *Getty Oil* and the first served defendant rule because it allows plaintiffs to thwart removal by manipulating service on defendants. In any event, because it based its removal on an independent statutory basis, Amtrack contends its Notice of Removal was timely under 28 U.S.C § 1441(a), and the fact that Union Pacific and Torres did not join in the removal is irrelevant.

### 3. Plaintiffs' Reply

Plaintiffs challenge Amtrack's assertion that 28 U.S.C § 1349 creates an independent statutory right of removal. Plaintiffs contrast § 1349's language with that of 28 U.S.C. § 1442, a statute Plaintiffs aver clearly creates an independent statutory right of removal. Plaintiffs contend that the difference in the two statutes' language makes it clear that § 1349 does not create an independent right of removal. Therefore, Plaintiffs argue the Court should reject Amtrack's assertion that § 1349 creates an independent right of removal. Further, to the extent courts have criticized *Getty Oil*, Plaintiffs note that the specific criticism leveled at Getty Oil's rule does not apply in the present circumstances. Courts which have criticized *Getty Oil* have based their criticism on the fact that the first served defendant rule

---

7. Amtrack states, "District courts within the Fifth Circuit have dealt with similar cases, however, none involve the instance where Amtrack has removed a case based upon its independent statutory right of removal under 28 U.S.C. § 1349." Def. Amtrack's Resp. to Pls.' Mot. to Remand, Rec. No. 8, at ¶ 17.

allows a plaintiff to manipulate service so a later served defendant has no opportunity to remove a case to federal court before the thirty day window expires. Here, Plaintiff notes that Amtrack's counsel also represents Union Pacific and Torres, and thus was aware of Plaintiffs' lawsuit in plenty of time to file a timely Notice of Removal and to obtain written consent from his other two clients. Plaintiffs thus urge the Court to reject Amtrack's arguments and remand their lawsuit to state court.

## II. APPLICABLE LAW

■■■ A timely filed motion for remand requires a federal district court to remand a case to state court if the defendant has not satisfied the statutory requirements for removal.[8] Title 28 U.S.C. § 1446 sets forth the procedures for removal.[9] Section 1446(b) requires a defendant to file his notice of removal within thirty days of the date he receives a copy of the plaintiff's initial pleading.[10] The Fifth Circuit follows the "first served defendant rule" in civil actions involving multiple defendants.[11] Under the first served defendant

rule, the thirty day period set forth in § 1446(b) begins to run on the date the first defendant receives service.[12] Moreover, all the defendants who have been served must join in the removal within thirty days of the date the first defendant receives service.[13] Although it is not necessary for every then-served defendant to actually sign the notice of removal to satisfy the latter requirement, the removing defendant must present some timely filed written document from each served defendant or its authorized representative indicating its consent.[14]

■■■ Title 28 U.S.C. § 1447(c) allows a plaintiff to challenge the removal by filing a motion to remand the action to state court.[15] A motion for remand is timely if filed within thirty days after the defendant files notice of removal under § 1446(a).[16] When faced with a motion to remand a removed action to state court, the defendant bears the burden of showing that the removal to federal district court was proper.[17] A district court should resolve any doubts regarding whether removal jurisdiction is proper against federal jurisdiction.[18] With one exception which does not

---

**8.** *Thompson v. Louisville Ladder Corp.*, 835 F.Supp. 336, 339–40 (E.D.Tex.1993).

**9.** 28 U.S.C. § 1446.

**10.** *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").

**11.** *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262–63 (5th Cir. 1988).

**12.** *Getty Oil Corp.*, 841 F.2d at 1262–63.

**13.** *See Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir.1990) ("[Title] 28 U.S.C. § 1446(b) requires that all defendants join in the removal petition."); *Getty Oil Corp.*, 841 F.2d at 1263 ("It follows that since

all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served.").

**14.** *Getty Oil Corp.*, 841 F.2d at 1262 n. 11.

**15.** 28 U.S.C. § 1447(c).

**16.** *Id.* ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

**17.** *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir.1998).

**18.** *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000).

apply to the facts at bar, a district court's "order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise." [19]

## III. DISCUSSION

Amtrack filed its Notice of Removal on January 10, 2007. Plaintiffs therefore had until February 9, 2007 to file a timely motion to remand this action to state court.[20] Because Plaintiffs filed their Motion on February 7, 2007, their challenge to removal is therefore timely. The Court will accordingly consider the merits of the Parties' arguments.

■ After review, the Court concludes that 28 U.S.C. § 1349 does not provide Amtrack with an independent right of removal. Because Amtrack is a federally chartered corporation, Plaintiff's lawsuit "arises under" federal law.[21] The Court's original jurisdiction over Amtrack in this matter thus derives from 28 U.S.C. § 1331, which provides "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States." [22] As previously noted, section 1349 merely states: "[t]he district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock." [23] The Court finds that section 1349 does not operate as an affirmative grant of jurisdiction, but rather as a restriction on jurisdiction that would otherwise be proper under § 1331.[24] In addition, section § 1349 does not contain an express removal provision.[25] Because § 1349 does not contain an express removal provision, Amtrack must rely on the general removal statute, 28 U.S.C. § 1441, and Fifth Circuit case law interpreting it.[26]

■ "The language of the specific statutory authority for removal is the controlling factor in determining whether a defendant must obtain the consent of [its] codefendants" for removal.[27] There is no doubt under Fifth Circuit case law interpreting § 1441 that a federally chartered

---

**19.** 28 U.S.C. § 1447(d).

**20.** 28 U.S.C. § 1446(b).

**21.** *See* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3571 (2d ed.1984) (noting it is well-settled that suits involving federally chartered corporations "arise under" federal law).

**22.** 28 U.S.C. § 1331.

**23.** 28 U.S.C. § 1349. Plaintiffs and Amtrack do not dispute that Congress incorporated Amtrack or that the United States owns more than one-half of Amtrack's capital stock. *See* 45 U.S.C. § 501, *et seq.* (current version at 49 U.S.C. § 24101) (creating the National Passenger Railway Corporation); 45 U.S.C. § 541 (current version at 49 U.S.C. §§ 24101 & 24301) & § 542 (current version at 49 U.S.C. 20101 *et seq.*) (incorporating the National Passenger Railway Corporation).

**24.** *See Estate of Wright v. Illinois Central R.R.,* 831 F.Supp. 574, 574 (S.D.Miss.1993); *In re Rail Collision Near Chase,* 680 F.Supp. 728, 730 (D.C.Md.1987).

**25.** *See Doe v. Kerwood,* 969 F.2d 165, 168 (5th Cir.1992) (contrasting express statutory language which allows federal officers, the Federal Depositors' Insurance Corporation, and the Federal Savings and Loan Insurance Corporation to remove state-filed actions to federal court with the absence of such language in the statute conferring federal jurisdiction over the Red Cross).

**26.** *See id.,* 969 F.2d at 168 (stating that, absent a specific removal statute, a federally chartered corporation more than half-owned by the United States must rely on 28 U.S.C. § 1441, the general removal statute).

**27.** *Id.*

corporation sued together with other defendants cannot remove a lawsuit to federal court absent its co-defendants' properly demonstrated consent.[28] There is similarly no doubt Amtrack is subject to the first defendant rule.[29] Because there is no dispute that Union Pacific became the first served defendant on December 4, 2006, at the latest, it was incumbent upon Amtrack to file its Notice of Removal no later than January 3, 2007. Amtrack, however, did not file its Notice of Removal until January 10, 2007. Its Notice was therefore untimely. The Court finds Plaintiffs are entitled to have this matter remanded to state court on this basis alone.[30] In addition, Amtrack's Notice of Removal is deficient under 28 U.S.C. § 1446(b) because it does not include a timely filed written document from each served defendant or its authorized representative indicating the respective defendant's consent, or even an unsupported allegation that Amtrack's co-defendants consent to removal.[31] This deficiency provides a second basis for remanding this action to state court.

Although the Court finds that remand is appropriate, it declines to exercise its discretion to award attorneys fees and costs under 28 U.S.C. § 1447(c).

## IV. CONCLUSION AND ORDER

For the reasons the Court has discussed, it enters the following orders:

1.  Plaintiffs' Motion for Remand [Rec. No. 5], filed on February 7, 2007, is **GRANTED IN PART** and **DENIED IN PART,** as set forth below.

2.  The Court **GRANTS** Plaintiffs' Motion in that it hereby **REMANDS** this cause to County Court at Law Number Three, El Paso County, Texas.

3.  The Court **DENIES** Plaintiffs' Motion to the extent they request reasonable attorneys' fees and costs pursuant to28 U.S.C. § 1447(c).

**SO ORDERED.**

---

**28.**  *Id.* (holding that § 1441 requires a federally chartered corporation to obtain the consent of its co-defendants in order to properly remove an action to federal court); *see Johnson,* 892 F.2d at 423; *Getty Oil Corp.,* 841 F.2d at 1263.

**29.**  *See Getty Oil Corp.,* 841 F.2d at 1262–63.

**30.**  To the extent Amtrack argues the first served defendant rule has been rightly criticized because the rule is subject to manipu-lation, there is no evidence of such manipulation occurring in this case. *See Doe,* 969 F.2d at 169 (addressing such criticism and noting it is within the court's equitable power to remedy the situation should a defendant show that a plaintiff manipulated the timing of service in a multiple defendant case to preclude a timely removal).

**31.**  *See Doe,* 969 F.2d at 168; *Johnson,* 892 F.2d at 423; *Getty Oil Corp.,* 841 F.2d at 1263.