United States Court of Appeals,

Fifth Circuit.

No. 91–8397.

John DOE, Father of John Doe and Mother of John Doe, Plaintiffs–Appellants,

v.

Robert I. KERWOOD, D.O., et al., Defendants–Appellees.

Aug. 26, 1992.

Appeal from the United States District Court For the Western District of Texas.

Before WISDOM, JONES, and SMITH, Circuit Judges.

WISDOM, Circuit Judge:

This Court granted the plaintiffs/appellants permission to take this interlocutory appeal because we wished to explore certain aspects of the right of the American Red Cross to remove cases to federal court. The plaintiffs contend that "the power to sue and be sued" clause, 36 U.S.C. § 2, in the federal charter of the American Red Cross does not confer original jurisdiction in federal court over all lawsuits in which the Red Cross is a party. They contend also that the petition of the Red Cross for removal was procedurally defective because one of the defendants did not join in the petition. After the oral argument in this case, the United States Supreme Court, in an unrelated case, decided the jurisdictional issue in favor of the Red Cross.[1] Therefore, all that is left for this Court to determine is the procedural issue. We hold that 28 U.S.C. § 1441(a), under which this case was removed, requires that the Red Cross obtain the consent of all co-defendants in this case. Therefore, we reverse and remand this case to the district court with instructions to remand the cause to the state court from which it was removed.

I.

In February 1991, the plaintiffs, John Doe and his family, brought suit in the 331st Judicial District Court of Travis County, Texas, alleging that John Doe had contracted Human

---

[1]*American Nat. Red Cross v. S.G.,* ––– U.S. ––––, 112 S.Ct. 2465, ––– L.Ed.2d –––– (1992).

Immunodeficiency Virus (HIV) as a result of a blood transfusion he received in 1989. Named as defendants in the suit were the American Red Cross, Dr. Robert I. Kerwood, and others.

In March 1991, the Red Cross removed the case to the United States District Court for the Western District of Texas. The Red Cross alleged in its petition for removal that 36 U.S.C. §§ 1–16, the federal charter of the Red Cross, confers federal jurisdiction over all cases in which the Red Cross is a party. The Red Cross also filed an exhibit entitled "Notice of Consent to Removal" stating that the Red Cross had obtained the consent of all defendants except Dr. Kerwood.[2]

In April 1991, the plaintiffs petitioned the district court to remand the cause to state court. The grounds for this petition were that (1) the charter of the Red Cross did not confer federal jurisdiction and (2) not all defendants had consented to the removal.

The district court denied the petition to remand, holding that the Red Cross charter did confer federal jurisdiction in this case and that the consent of Dr. Kerwood to the removal was unnecessary. The plaintiffs moved for reconsideration of the district court's order or for certification of that order for interlocutory appeal under 28 U.S.C. § 1292(b). The district court denied the motion for reconsideration, but certified the order denying remand for interlocutory appeal. This Court granted permission to appeal in July 1991.

II.

In its recent decision, *American Nat. Red Cross v. S.G.,* the United States Supreme Court decided the jurisdictional issue raised by the plaintiffs in this case. The Supreme Court held:

the Red Cross charter's "sue and be sued" provision should be read to confer jurisdiction. In

_____

[2]Because the Red Cross had alleged diversity as an alternate means of finding federal jurisdiction the petition for remand also contended that there was no diversity between the parties. The district court did not reach this issue, and we need not discuss it.

expressly authorizing the organization to sue and be sued in federal courts ... the provision extends beyond a mere grant of general corporate capacity to sue, and suffices to confer federal jurisdiction.[3]

Thus, the Supreme Court concluded that any suit in which the Red Cross is a party is a suit within the "arising under" jurisdiction of Article III of the Constitution.[4]

The district court therefore correctly held that federal jurisdiction exists in this case.

## III.

We turn now to the procedural issue raised by the failure of the Red Cross to obtain consent to the removal from all of the other defendants. The plaintiffs argue that there is a long-standing rule requiring that all defendants must consent to removal under 28 U.S.C. § 1441. The Red Cross acknowledges this rule, but argues that unanimity is required only among those who are entitled to remove the case. Alternatively, the Red Cross argues that because it is a federal instrumentality, it does not have to obtain the consent of other defendants to remove cases to federal court.

The Red Cross removed this case under 28 U.S.C. § 1441(a) which provides that

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The procedure for removal, as provided in 28 U.S.C. § 1446, requires that "[a] defendant or defendants desiring to remove any civil action ... shall file ... a notice of removal". This Court has previously held that "[t]he law is clear that under 28 U.S.C. § 1446(a), removal procedure requires

---

[3] —— U.S. at ——, 112 S.Ct. at 2468.

[4] *See id.* at —— and n. 16, 111 S.Ct. at 2476 and n. 16. The Court also made clear the fact that jurisdiction in the case was based on the specific statutory grant by Congress (and thus fell within the "arising under" jurisdiction of Article III) rather than being based on the "arising under" jurisdiction of 28 U.S.C. § 1331.

that all defendants join in the removal petition."[5]  This rule is based on § 1441(a) which provides that "the defendant or the defendants" may remove the case.  The courts have read these words to mean that, if there is only one defendant then that defendant may remove the case;  however, if there is more than one defendant, then the defendants must act collectively to remove the case.[6]

The district court agreed with the Red Cross that the Red Cross did not have to obtain the consent of the other defendants because only the Red Cross was entitled to remove this case.  The district court relied primarily upon the holding of *Hill v. Boston,* 706 F.Supp. 966 (D.Mass.1989). In that case, the district court "refined" the rule requiring unanimity and held that "a defendant who would not be allowed to remove if it were the sole defendant need not join in the petition for removal".[7]

The plaintiffs argue that *Hill,* a district court opinion, is at odds with an opinion of the United States Supreme Court.  In *Chicago, Rock Island & Pac. Ry. v. Martin,*[8] federally appointed receivers moved to remove to federal court based on the fact that, as to them, the case was one arising under the laws of the United States.  The issue presented to the Supreme Court was whether the case had properly been remanded to state court in that not all of the defendants had consented to the removal. The Court held that the receivers were required to obtain the consent of all the defendants, even though the other defendants would not have been able to remove the case if they had been the sole defendants.[9]

---

[5]*Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants Local 349,* 427 F.2d 325 (5th Cir.1970) (citing *Chicago, R.I. & P. Ry. v. Martin,* 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900)).

[6]*See, e.g.,* 1A Moore's Federal Practice ¶ 0.168[3.–2–2] at 547–48 (1992).

[7]*Hill,* 706 F.Supp. at 968.

[8]178 U.S. 245, 20 S.Ct. 854, 44 L.Ed.2d 1055 (1900).

[9]*Id.* at 251, 20 S.Ct. at 856.

The Red Cross attempts to distinguish *Martin* by contending that the holding in that case depends on a "metaphysical permeation" theory. In plain language, the Red Cross argues that under the prevailing law of the time, bringing a joint claim against a federally incorporated defendant and other non-federal defendants resulted in endowing the entire matter, including the individual defendants, with a federal character. From this, the Red Cross argues that the non-federal defendants in *Martin* were entitled to remove the case themselves—thus, their consent to removal was required. By comparison, the Red Cross argues that since it is the only defendant in this case that was entitled to remove, the consent of the other defendants was not required.

While this argument is of some academic interest, it falls short of persuading this Court that the rule of *Martin* should be "refined" to exclude the consent of a party who would not be entitled to remove if it were the sole defendant. There are reasons other than the "metaphysical permeation" theory advanced by the Red Cross for requiring the consent of all defendants. For example, one district court has commented that "the concern that one defendant not be permitted to impose his choice of forum upon other unwilling defendants and an unwilling plaintiff" supports the rule.[10]

The next argument advanced by the Red Cross is that because it is a federal instrumentality it should not be required to obtain the consent of its co-defendants to avail itself of its Congressionally granted right to a federal forum. The Red Cross argues that its "status on removal issues ... is similar to that of the FDIC, FSLIC and federal officers." Because various courts have held that those federal instrumentalities may remove cases without the consent of co-defendants, the Red Cross contends that it should be entitled to do so as well.

The weakness in the Red Cross's argument is that the FDIC, the FSLIC, and federal officers each have their own specific removal statute. The fact that these parties may remove without the consent of co-defendants is based on the language of those statutes. For example, the ability of

_____

[10]*Hess v. Great Atl. & Pac. Tea Co.,* 520 F.Supp. 373, 375 (N.D.Ill.1981).

federal officers to remove cases is set forth in 28 U.S.C. § 1442. The language of that section does not refer to "the defendant or the defendants". Instead it states that "[a] civil action ... commenced in a State court against any of the following persons may be removed *by them* ...".[11] As Judge Friendly succinctly stated, "even the most literal reading would permit the federal officer alone to remove ... "by them' means "by any of the following persons' and the defendants who are not federal officers are not such persons."[12] Thus, the ability of federal officers to remove without the consent of co-defendants is based on the language of the statute that gives them the right to remove.

Similar reasoning supports the ability of the FDIC and the FSLIC to remove cases without the consent of co-defendants. The FDIC's ability to remove cases is based on 12 U.S.C. § 1819(b)(2)(B), which has been interpreted as allowing the FDIC to remove cases to federal court whether it is a plaintiff or a defendant. Because the FDIC may remove cases as a plaintiff, it has been held that the "all defendants must consent" requirement of 28 U.S.C. § 1441 does not apply to the FDIC's removal under 12 U.S.C. § 1819.[13]

The language of the specific statutory authority for removal is the controlling factor in determining whether a defendant must obtain the consent of co-defendants. Because the Red Cross must rely on the general removal statute, 28 U.S.C. § 1441, we hold that the Red Cross must obtain the consent of co-defendants.

---

[11]28 U.S.C. § 1442 (emphasis added).

[12]*Bradford v. Harding,* 284 F.2d 307, 310 (2d Cir.1960). *See also Allman v. Hanley,* 302 F.2d 559, 562 (5th Cir.1962) (citing *Bradford* ).

[13]*In re Franklin Nat. Bank Sec. Litig. v. Andersen,* 532 F.2d 842, 846 (2d Cir.1976). *See also Davis v. FSLIC,* 879 F.2d 1288, 1289 (5th Cir.1989) (noting, but not deciding, that independent statutory basis for removal by FSLIC may mean that FSLIC does not have to obtain co-defendants' consent to removal) and *Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371, 1376–77 (5th Cir.1980) (discussing other limited removal provisions under which consent has been found unnecessary, e.g., 28 U.S.C. § 1441(d) (foreign states), and 28 U.S.C. § 2679(d) (civil actions in tort against federal employees)).

The Red Cross also suggested during the oral argument of this case that the rule requiring the consent of all defendants is subject to abuse by plaintiffs. This argument is based on the interaction between 28 U.S.C. § 1446(b) and the rule itself. Section 1446(b) requires that a notice of removal be filed within thirty days after the receipt by the defendant of the initial pleading or the summons. This Court has interpreted that provision to mean that a defendant who does not petition for removal within that time period loses the right to remove and is precluded from joining in a later removal petition.[14] The Red Cross argues that a plaintiff could therefore serve all of the defendants other than the Red Cross, wait for the expiration of thirty days, and then serve the Red Cross. In these circumstances, the Red Cross argues, the co-defendants would be precluded from consenting to the removal. This scenario does not justify the creation of an exception to the unanimous consent rule. First of all, this scenario does not describe the sequence of events in this case. More importantly, should such a situation arise, it is within the equitable power of the court to consider such exceptional circumstances on a case-by-case basis.[15]

IV.

Although the Red Cross charter conferred subject matter jurisdiction in the district court, the removal petition was procedurally defective because the consent of all defendants was not obtained. Accordingly, the district court's denial of the remand petition is REVERSED and the case is REMANDED to the district court with instructions to remand the cause to the state court.

---

[14]*Brown v. Demco, Inc.,* 792 F.2d 478, 481–82 (5th Cir.1986).

[15]"Exceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served." *Brown v. Demco, Inc.,* 792 F.2d at 482.