Richard ROE, Plaintiff,

v.

**LITTLE COMPANY OF MARY HOSPITAL, et al.,
Defendants.**

No. 91 C 1781.

United States District Court,
N.D. Illinois, E.D.

Dec. 18, 1992.

See also, 815 F.Supp. 244.

Robert B. Patterson, Drumke & Patterson, Ltd., Chicago, IL, for plaintiff.

Richard C. Bollow, Michael T. Brody, Jenner & Block, Joseph A. Camarra, Cassiday, Schade & Gloor, Robert B. Austin, Lord, Bissell & Brook, Ronald L. Lipinski, Seyfath, Shaw, Fairweather & Geraldson, William Rogers, Bollinger, Ruberry & Garvey, Chicago, IL, for defendants.

MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

In 1984, the plaintiff, Richard Roe[1] ("Roe"), underwent a surgical procedure at the Little Company of Mary Hospital here in Chicago for treatment and removal of an enlarged spleen. He received transfusions of multiple units of blood, some of which apparently was contaminated with the Human Immunodeficiency Virus ("HIV"). Roe filed this suit in the Circuit Court of Cook County alleging negligence against the doctors involved in the splenectomy, against the hospital and against the suppliers of the blood he had received.

One defendant, the American Red Cross ("Red Cross"), removed the case to federal court pursuant to 28 U.S.C. Section 1441(a). Plaintiff Roe filed a timely objection to the removal, asserting that this Court did not have subject matter jurisdiction over the state negligence claims, and did not gain original jurisdiction by the fact that the Red Cross was created by federal statute. On August 25, 1992, following the Supreme Court's decision in *American National Red Cross v. S.G.*, —— U.S. ——, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992), this Court overruled Roe's objection and denied his motion for remand.

On September 25, 1992, Roe filed a Motion to have this Court Reconsider the Removal Issue (newly-titled Plaintiff's Re–Newed Motion to Remand), urging that since not all

---

1. By order of the Circuit Court of Cook County entered on February 1, 1991, when this case was originally filed in that court, the plaintiff was granted leave to pursue his suit under a fictitious name.

defendants had consented to the removal, this Court's order was in violation of the procedures set down in 28 U.S.C. 1446. Rather than address those issues, the Red Cross responded by arguing that plaintiff's motion was untimely, and in violation of the thirty day limit on the raising of procedural objections to removal set out in 28 U.S.C. 1447(c). In its October 16, 1992 Memorandum Opinion and Order, this Court found that the motion for reconsideration had been filed in a sufficiently timely fashion to permit the Court to consider it.[2]

## ANALYSIS

Roe argued that removal was improper because not all of the defendants consented to removal. The Red Cross countered that only those defendants with substantive rights to removal need to consent to removal, and that, because only the Red Cross had a right to remove in this case, it was unnecessary to obtain the consent of the other defendants.

The Seventh Circuit has not addressed this issue. As far as this Court can tell, none of our district courts has reached the issue either. The Red Cross cited opinions from other districts which hold that the unanimous consent of codefendants is not required. *See Raybould v. American Red Cross*, H–91–754 (S.D.Tex. May 28, 1991); *Parisi v. Rochester Cardiothoracic Associates, P.C.*, 91–CV–6387T, 1992 WL 470521 (W.D.N.Y. June 29, 1992); *Garcia v. American Red Cross*, CV–92 2513–WJR (TX), 1992 WL 470325 (C.D.Calif. Aug. 12, 1992); *Murphy v. St. Vincent Hospital, Inc.*, C.A. No.: 92–11671–Y (D.Mass. Sept. 12, 1992). Roe pointed out, on the other hand, that the Fifth Circuit has held that the consent of all codefendants is required. *See Doe v. Kerwood*, 969 F.2d 165

(5th Cir.1992).[3] This Court, of course, is not bound by any of those decisions. What is needed is a thoroughgoing analysis that will at least resolve the issue for the case.

This Court stayed proceedings on Roe's original objections to removal pending the Supreme Court's decision in *American National Red Cross v. S.G. & A.E.*, —— U.S. ——, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992). In that case, the Supreme Court held that the Red Cross's charter—36 U.S.C. Sec. 2—gives the Red Cross the right "to removal from state to federal court of any state-law action it is defending." *S.G.*, —— U.S. at ——, 112 S.Ct. at 2467. Based on that decision, this Court confirmed the right of the Red Cross to have removed this action to federal court.

However, the Supreme Court in *S.G.* had also determined that the Red Cross's federal jurisdiction is not "arising under" jurisdiction based on 18 U.S.C. Sec. 1331, but is "based on a separate and independent jurisdictional grant. In this case, it would be the Red Cross charter's 'sue and be sued' provision." *S.G.*, —— U.S. at ——, 112 S.Ct. at 2472. In other words, federal jurisdiction over the Red Cross is "party-based," independent of any other basis for federal jurisdiction such as diversity or the existence of a federal question.

This implies that the Red Cross, by virtue of its statutorily-based jurisdictional grant, is not bound by the rules governing jurisdiction based on 28 U.S.C. Sec. 1331. In fact, the Supreme Court in *S.G.* explicitly held that a party's arguments based on the "well-pleaded complaint" rule under that section "erroneously invoke that rule outside the realm of statutory 'arising under' jurisdiction, *i.e.*, jurisdiction based on 28 U.S.C. Sec. 1331, to jurisdiction based on a separate and indepen-

---

**2.** As Attachment A to its Response Brief, the Red Cross has attached the Affidavit of a Julia L. Erickson, one of the attorneys representing the Red Cross in this action. In her affidavit she had stated:

> 4. On or about March 22, 1992, I spoke by telephone with Robert D. McHugh of the firm Williams & Montgomery, who stated that he was counsel for Dr. [Prabodh] Shah and the three respondents. Mr. McHugh told me that he did not object to removal.

Dr. Shah is the only defendant who claims that he has not consented to the removal of this

action. It is on Dr. Shah's failure to consent that Roe's objection is based. However, Mr. Joseph Camarra, presently representing Dr. Shah, has represented in open Court that Dr. Shah never consented to removal, and that Dr. Shah had only ever authorized Mr. Camarra to act as his attorney. For purposes of this opinion only, the Court will assume that Mr. Shah has never consented to removal.

**3.** *Kerwood* implicitly overrules *Raybould v. American Red Cross*, H–91–754 (S.D.Tex.1991).

dent jurisdictional grant." *S.G.*, — U.S. at —, 112 S.Ct. at 2472.

In other cases involving parties with statutory grants of party-based jurisdiction, courts have held that the consent of codefendants is not required for removal. *See, e.g., Davis v. FSLIC*, 879 F.2d 1288, 1289 (5th Cir.1989) (joinder by codefendants is not required where "an independent basis for removal by FSLIC alone" exists); *Ely Valley Mines, Inc. v. Hartford Indemnity Co.*, 644 F.2d 1310, 1313 (9th Cir.1981) (federal employees are not required to join codefendants to remove a case to federal court). Some of the courts which have considered this issue in light of the decision in *S.G.* have applied the rule to removal by the Red Cross. *See Parisi v. Rochester Cariothoracic Assoc.*, 91-CV-6387T, 1992 WL 470521 (W.D.N.Y. June 29, 1992); *Garcia v. American Red Cross*, CV-92 2513-WJR (TX), 1992 WL 470325 (C.D.Calif. Aug. 12, 1992). *But see Doe v. Kerwood*, 969 F.2d 165 (1992) (discussed below).

Roe argues that, in those cases not involving the Red Cross, the parties who were exempt from the consent requirement had specific statutory removal provisions upon which to rely. The Red Cross's removal power, on the other hand, is statutorily *based* and is applied by judicial decision. Citing *Kerwood*, Roe concludes that the Red Cross must comply with the requirements of the general removal statute.[4]

In fact, the decisions referred to above at least implicitly do rely on the rule that only those parties who have a substantive right to removal are required to consent to removal. *Moore's Federal Practice* explains that:

> another way of stating the general rule, is this. Before the plaintiff's choice of the state forum can be avoided, unanimity among all parties substantively entitled to remove is required.

1A James Wm. Moore and Brett A. Ringle, *Moore's Federal Practice* para. 0.168 [3.-2-2], at 549 (2d ed. 1992). In cases involving diversity jurisdiction or federal question jur-

isdiction this would mean that all defendants would be required to join in the removal petition because all parties would be substantively entitled to removal. On the other hand, where a defendant can not independently move for removal, a failure to gain that defendant's consent would not render the removal petition defective. *See Rey v. Classic Cars*, 762 F.Supp. 421 (D.Mass.1991); *Hill v. City of Boston*, 706 F.Supp. 966 (D.Mass.1989); *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196 (D.R.I.1986); *Intercoastal Refining Co. v. Jalil*, 487 F.Supp. 606 (S.D.Tex.1980); *McKinney v. Rodney C. Hunt Co.*, 464 F.Supp. 59 (W.D.N.C.1978).

 In this case, the Red Cross, by virtue of its independent party-based jurisdictional grant, is the only party with a substantive right to remove the matter to federal court. It follows that the Red Cross was not required to gain the consent of its codefendants in its petition for removal.

Therefore, this Court declines to follow the Fifth's Circuit's decision in *Doe v. Kerwood*, 969 F.2d 165 (5th Cir.1992) in which the court held that unanimous consent of codefendants was required. The *Kerwood* court applied the unanimous joinder rule as if it were dealing with diversity or federal question jurisdiction. As noted, however, jurisdiction over the Red Cross is party-based. *S.G.*, — U.S. at —, 112 S.Ct. at 2467.

 By the position the Court here adopts, it does not mean to sacrifice the interests of unwilling codefendants who prefer to remain in state court. In the Court's opinion, those interests may still be protected by the federal supplemental jurisdiction statute, 28 U.S.C. Sec. 1367. The Court, therefore, after finding that it *may* keep all of the defendants in this action, turns to a consideration of Section 1367 in deciding whether any of the defendants other than the Red Cross *should* be returned to state court.

Under Section 1367(c) a court:

---

4. *Kerwood* states:
 The language of the specific statutory authority for removal is the controlling fact in determining whether a defendant must obtain the consent of co-defendants. Because the Red Cross

must rely on the general removal statute, 28 U.S.C. Sec. 1441, we hold that the Red Cross must obtain the consent of co-defendants. *Doe v. Kerwood*, 969 F.2d at 168.

may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. Sec. 1367(c). The first three of these considerations find no application here. The complaint states familiar, state-law claims; none of those claims predominates over the claims against the Red Cross; and because this Court rejects any request to dismiss the Red Cross. Under the fourth "catch-all" category, the only compelling reason for declining jurisdiction might be that this Court has no jurisdiction over the Respondents in Discovery who are named as such pursuant to Ill.Rev.Stat. Ch. 110, para. 2–402. It is true that under the Illinois statute, the state court was given *in personam* jurisdiction over the respondents. *See, e.g., Guertin v. Guertin,* 204 Ill.App.3d 527, 149 Ill.Dec. 643, 561 N.E.2d 1339 (3d Dist. 1990). This Court derived similar jurisdiction over the respondents when this case was removed. Under these circumstances, this Court finds no reason for declining to exercise supplemental jurisdiction over all of the codefendants in the case.

Because the Red Cross charter confers on this Court original jurisdiction, to the exercise of which the Red Cross requests, and because this Court finds that supplemental jurisdiction over the remaining defendants is proper, Roe's motion for remand should be and the same hereby is denied.

### ACCORDINGLY:

Plaintiff Roe's Motion to Remand Based on Failure to Join All Defendants is denied. The entire case will remain with this Court.

IT IS SO ORDERED.