**S. Craig WEINRICH Plaintiff**

**v.**

**LEVI STRAUSS & CO., Jennifer Schipper, and Karen McCord Defendant**

**No. CIV.A. 3:04CV850BN.**

United States District Court, S.D. Mississippi, Jackson Division.

April 15, 2005.

Jennifer Schipper, Karen McCord, Defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

Before the Court are three motions. First is the Motion of Plaintiff to Remand this matter to the First Judicial District of the Circuit Court of Hinds County, Mississippi, filed November 1, 2004. Second is the Motion of Plaintiff for Sanctions, filed that same day. Third is Motion of Plaintiff to Strike Defendants' Corrected Notice of Removal, filed November 12, 2004. Having considered the Motions, Responses, Rebuttals, attachments to each and supporting and opposing authority, the Court finds as follows:

1. The Motion to Remand is well taken and should be granted;

2. The Motion for Sanctions is not well taken and should be denied; and

3. The Motion to Strike Defendants' Corrected Notice of Removal is not well taken and should be denied.

### I. Factual and Procedural History

Before the Court is a set of facts that has led to two suits, "Weinrich I" and "Weinrich II." As is apparent from the discussion *infra*, this has provided the Court with a unique background within which to decide the instant Motion to Remand.

Plaintiff was an employee of Defendant Levi Straus & Co. ("Levi") from July 17, 2000, to April 26, 2002. Plaintiff worked for Levi as a Technical Services Manager, meaning that he was responsible for the maintenance and security over the entire Levi facility. On April 25, 2002, Defendant Jennifer Schipper ("Schipper") allegedly told Plaintiff that his work was not improving. *See* Complaint, p. 2, attached to the Notice of Removal, filed October 14,

Louis H. Watson, Jr., Louis H. Watson, Jr., PA, Jackson, FL, for S. Craig Weinrich, Plaintiff.

Pat Sharkey Burke, Jr., Anderson, Crawley & Burke, PLLC, Kristy L. Bennett, Anderson, Crawley & Burke, PLLC, Ridgeland, MS, for Levi Strauss & Co.,

2004 (also stating that Plaintiff was never given a bad performance review by his more immediate supervisors, John Serlin and Glenn LaMotte). The next day, Schipper fired Plaintiff.

Plaintiff claims that Defendants "wrongfully discriminated against [him] based upon his age." *Id.* This is where the situation becomes unique. Plaintiff initially claimed this in the *Weinrich I* action. Plaintiff filed *Weinrich I* on April 25, 2003, in the Circuit Court of Madison County, Mississippi, No.2003–0104, and asserted a claim against Defendant Levi under the Age Discrimination in Employment Act of 1967 ("ADEA"). Defendant Levi[1] removed *Weinrich I* on May 22, 2003, to the United States District Court for the Southern District of Mississippi. *Weinrich I* is currently pending before Judge Henry T. Wingate as *Weinrich v. Levi Strauss,* civil action no. 3:03–CV–725WS. On June 3, 2004, Plaintiff moved to amend the *Weinrich I* complaint. In this motion, Plaintiff sought to add state law claims against Levi for wrongful termination, tortious interference with business relations, negligent supervision, and conspiracy. *See* Plaintiff's Motion for Leave to File First Amended Complaint, attached as Exhibit "B" to Plaintiff's Combined Brief and Motion to Remand and for Sanctions. Magistrate Judge James C. Sumner denied the motion on July 15, 2004, finding that Plaintiff had not shown good cause for why the complaint should be amended. *See* Order, attached as Exhibit "C" to Plaintiff's Combined Brief and Motion to Remand and for Sanctions. Magistrate Judge Sumner found that Plaintiff had not shown good cause for the following reasons:

1. The deadline for filing amendments to pleadings had expired on September 8, 2003; and

2. The only good cause Plaintiff could articulate for accepting the late pleading (filed June 3, 2003) was that Plaintiff had discovered additional facts *during Plaintiff's own deposition.*

*Id.* Implicit in the ruling of the Court was the recognition that if these facts were "discovered" during the Plaintiff's own deposition, then they were known to the Plaintiff long before the amendment deadline. Hence, a motion to amend the complaint should have been filed well before the deadline, and the motion to amend was denied.

This ruling led to *Weinrich II.* On September 14, 2004, Plaintiff, believing these "newly discovered facts" from his own deposition supported new state law claims against Levi and two new defendants, McCord and Schipper, filed a second action in state court, *Weinrich II,* against Levi, McCord, and Schipper. This case was filed in the First Judicial District of the Circuit Court of Hinds County, Mississippi (and not Madison County, as in *Weinrich I*), No. 251–04–1077CIV. In *Weinrich II,* Plaintiff asserts against Defendants the very same state law claims which Magistrate Judge Sumner had ruled could not be added to the complaint in the federal action, *Weinrich I* (wrongful termination, tortious interference with business relations, negligent supervision, and conspiracy). Plaintiff makes no attempt in *Weinrich II* to state a claim against Defendants under the ADEA. On October 15, 2004, Levi, and solely Levi, removed the action to this Court, arguing that *Weinrich II* is effectively the same suit as *Weinrich I,* and that the Court should exercise supplemental jurisdiction over the state law claims in *Weinrich II.* On November 1, 2004, Plaintiff filed the Motion to Remand, arguing, *inter alia,* that not all Defendants

---

1. Only Levi is a defendant in that action.

joined in the removal. On November 5, 2004, Defendants McCord and Schipper joined in the removal. On November 12, 2004, Plaintiffs objected to the joinder as untimely.

The above can be summarized in a timeline as follows:

**April 25, 2003:** Plaintiff files *Weinrich I* in the Circuit Court of Madison County, Mississippi, and asserts a claim against Levi under the ADEA;

**May 22, 2003:** Levi removes *Weinrich I* to the United States District Court for the Southern District of Mississippi, and appears before Judge Wingate;

**June 3, 2004:** Plaintiff moves to amend her *Weinrich I* complaint to assert causes of action against Levi for wrongful termination, tortious interference with business relations, negligent supervision, and conspiracy, and to add McCord and Schipper as defendants;

**July 14, 2003:** Magistrate Judge Sumner denies Plaintiff's motion to amend the *Weinrich I* complaint, finding no good cause for amendment;

**September 14, 2004:** Plaintiff files *Weinrich II* in the First Judicial District of the Circuit Court of Hinds County, asserting causes of action against Levi, McCord, and Schipper for wrongful termination, tortious interference with business relations, negligent supervision, and conspiracy;

**October 15, 2004:** Levi removes *Weinrich II* to this Court;

**November 1, 2004:** Plaintiff files a Motion to Remand, and argues, *inter alia,* that not all defendants joined the notice of removal;

**November 5, 2004:** McCord and Schipper join in the removal;

**November 12, 2004:** Plaintiffs object to McCord and Schipper joining in the notice of removal.

Although Plaintiff does not list an ADEA claim against Defendants under the "Causes of Action" section of her *Weinrich II* complaint, Plaintiff does state in two different ways in his "Parties" and "Statement of Facts" sections that he was fired because of his age. *See* Complaint, pp. 1 & 3, attached to Notice of Removal (stating that Defendants "wrongfully discriminated against Plaintiff based on his age" and that "Defendants' actions were willful and done with the intent of discriminating against Plaintiff because of his age, which is the subject of a related Complaint currently pending [before Judge Wingate]"). Based on these statements, Defendants removed *Weinrich II* on the basis of 28 U.S.C. § 1441(b), and the case was assigned to the undersigned. Defendants further argue that this Court has supplemental jurisdiction over the state law claims in the *Weinrich II* complaint, pursuant to 28 U.S.C. § 1367(a).

## II. Introductory and Procedural Matters

Among the Motions before the Court, the Court must first entertain the Motion of Plaintiff to Strike Defendants' Corrected Notice of Removal. In that Motion, Plaintiff makes the procedural argument that Defendants McCord and Schipper did not timely join in the Notice of Removal. If true, then this Court could simply remand the matter on procedural grounds without having to reach the federal jurisdictional question, discussed *infra.*

### II.A. McCord and Schipper Timely Joined in the Notice of Removal

As noted above, Plaintiff filed the *Weinrich II* action on September 14, 2004. Levi, and solely Levi, removed the action on October 14, 2004.

The procedure for removal, as provided in 28 U.S.C. § 1446, requires that '[a]

defendant or defendants desiring to remove any civil action ... shall file ... a notice of removal.' This Court has previously held that '[t]he law is clear that under 28 U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition.' This rule is based on § 1441(a) which provides that 'the defendant or the defendants' may remove the case. The courts have read these words to mean that, if there is only one defendant then that defendant may remove the case; however, if there is more than one defendant, then the defendants must act collectively to remove the case.

*Doe v. Kerwood,* 969 F.2d 165, 167 (5th Cir.1992) (footnote omitted). When Plaintiff filed the Motion to Remand on November 1, 2004, one of his arguments in favor of remand was that not all defendants had joined in the notice of removal. *See* Motion to Remand, p. 2, ¶ 6. No doubt recognizing this error, on November 5, 2004, Defendants McCord and Schipper filed a Corrected Notice of Removal, in which they joined in the removal.

Plaintiff, in his Motion to Strike Defendant's Corrected Notice of Removal, argues that since he filed his Complaint on September 14, 2004, and that McCord and Schipper did not join in the removal until November 5, 2004, their joinder is beyond the thirty day time limit for removal. Section 1446(b) provides that a defendant must remove within thirty days from when the defendant is served with process. Here, Plaintiff may have filed his Complaint on September 14, 2004, but the individual Defendants argue that they were not served with process until November 4, 2003, and November 8, 2004. *See* Brief in [Opposition to] Plaintiff's Combined Brief & Motion to Remand and for Sanctions, p. 4, filed November 19, 2004. Plaintiff did not rebut this assertion in his Reply to Defendant's Response to Plaintiff's Combined Brief and Motion to Remand and for Sanctions, filed December 1, 2004. In fact, Plaintiff wholly abandons his arguments concerning the timing of removal.

■ Because the record before the Court demonstrates that Defendants McCord and Schipper were not served until the 4th and 8th of November 2004, their joinder in the removal on November 5, 2004, was timely. 32A Am.Jur.2d Federal Courts § 1678 (2004) (stating that "if there are multiple defendants served on different days, individual defendants have 30 days from the time they are served with process or a complaint to join in an otherwise valid notice of removal").

Therefore, the Court proceeds to the question of whether Defendants properly removed this action from state court.

### III. Legal Standard

■ Absent diversity of citizenship, federal question jurisdiction is required in order to remove a case to federal court. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). There is no diversity of citizenship in this suit, but Defendants argue that federal question jurisdiction is present, and removed *Weinrich II* based upon 28 U.S.C. § 1441(b). Section 1441(b) provides:

Any civil action of which the district courts have *original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States* shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(Emphasis added); *see also* § 1331 (providing that "[t]he district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

■■■■ To determine whether an action presents a federal question for removal purposes, the Court must examine the allegations of the Plaintiff's well pleaded complaint. *Carpenter v. Wichita Falls Independent School District,* 44 F.3d 362, 366 (5th Cir.1995). Under the well pleaded complaint rule, a federal question must appear on the face of a plaintiff's state court complaint before a federal district court can exercise removal jurisdiction. *MSOF Corp. v. Exxon Corp.,* 295 F.3d 485, 490 (5th Cir.2002).

"An independent corollary to the well-pleaded complaint rule exists, however, known as the 'complete preemption' doctrine. If an area of state law has been completely preempted, any claim allegedly based upon that preempted state law is considered, from its inception, a federal claim and hence arises under federal law." *Crooks v. Certified Computer Consultants, Inc.,* 92 F.Supp.2d 582, 585 (W.D.La.2000) (citing *Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425). However, "[i]n some cases where the plaintiff has available *no legitimate or viable* state law cause of action, but *only* a federal claim, he may not avoid removal by artfully casting his federal suit as one arising exclusively under state law." *Id.* at 586 (emphasis in original) (citing *Carpenter,* 44 F.3d at 366). The Court notes that "[t]he artful pleading doctrine is a narrow exception to the well-pleaded complaint rule, and the preemption must be complete." *Id.* (citing *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.,* 199 F.3d 781, 783 (5th Cir.2000)).

## V.  Analysis—Jurisdictional Question

Defendants' argument is unique. Defendants do not pose a traditional complete preemption or artful pleading argument. They cannot, as the ADEA does not preempt state law claims. *See Bennett v. Coors Brewing Co.,* 189 F.3d 1221, 1238 (10th Cir.1999) (stating that "jurisdiction over state law claims in a federal ADEA action does not generally preempt state law remedies"). Defendants pose something more subtle.[2] Defendants essentially argue that the ADEA claim in *Weinrich I* is "so related to" (§ 1367(a)) the state law claims in *Weinrich II* that it is mandatory that the Court exercise supplemental jurisdiction over *Weinrich II.*

Section 1367(a) is mandatory, should it apply. Defendants argue that § 1367(a) does apply because Plaintiff's ADEA claim in *Weinrich I* "acts as a type of jurisdictional crutch to Plaintiff[s] state law claims [in *Weinrich II* ] and thus the state law claims have been properly removed." *See* Brief in [Opposition to] Plaintiff's Combined Brief & Motion to Remand and for Sanctions, p. 3.

■■■ The problem is, as the Court sees it, that by arguing that the "crutch," i.e., the federal question, is in the ambit of § 1367(a), Defendants are putting the cart before the horse. Before a case can be removed, a particular suit has to have a basis, in the complaint *of that suit,* on which it can be removed. *Weinrich II* has nothing in the complaint which supports removal; the complaint simply asserts state law claims. It is true that the claims in *Weinrich II* are related to the claims in *Weinrich I.* That is evidenced by the fact that Plaintiff attempted to amend his complaint, albeit untimely, to include the *Weinrich II* claims in *Weinrich I.* The "crutch," i.e., the federal question, remains

---

**2.** The arguments of Plaintiff and Defendants are entirely based on the text of § 1367(a). No doubt, this is a result of a dearth of case law on this nuanced issue.

in *Weinrich I*. Nothing places it in *Weinrich II*.

It is true that the facts of *Weinrich I* are identical to the facts of *Weinrich II*. Nevertheless, Plaintiff remains master of his own Complaint, and he retains the power to put forth the specific claims he desires on a given state of facts. Without question, he *attempted* to put forth the state law claims of *Weinrich II* in *Weinrich I*. But Defendants precluded Plaintiff from succeeding in that attempt. Nothing precludes Plaintiff from now pursuing these state law claims in a separate action in state court. And just because the facts underlying *Weinrich I* are identical to the facts underlying *Weinrich II*, Defendants cannot use this circumstance as a basis on which to 1) dictate to Plaintiff what claims he pursue in *Weinrich II* and, 2) on the basis of that dictation, remove *Weinrich II* to federal court. Had Defendants wanted Plaintiff to pursue his state law claims in federal court, then Defendants should not have objected to Plaintiff amending his Complaint.

The Court understands that this conclusion produces an odd result. Magistrate Judge Sumner prevented Plaintiff from bringing these state law claims in federal court. Defendants persuaded Magistrate Judge Sumner to make that decision. But the federal court system cannot preclude Plaintiff from bringing those claims in state court. The state court system has its own rules to deal with what has transpired. The Court cannot begin to accept removed cases every time a state court suit has claims that are conceivably "related to" claims in a federal suit. Before accepting the removed case, there simply must be a basis on which it could be removed in the first place.

The Court also understands that the text of § 1367(a) could be read expansively to support removing *Weinrich II*. Section 1367(a) states:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, *in any civil action of which the district courts have original jurisdiction [i.e., Weinrich I], the district courts shall have supplemental jurisdiction over all other claims [i.e., Weinrich II] that are so related to claims in the action within such original jurisdiction [i.e., Weinrich I] that they form part of the same case or controversy under Article III of the United States Constitution.* Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The emphasized portion above suggests that the Court could exercise jurisdiction over *Weinrich II*. The Court has jurisdiction over *Weinrich I*. The claims in *Weinrich I* are related to the claims in *Weinrich II*. However, nothing in *Weinrich II* enables it to initially be removed here.

The Court finds guidance in § 1441(a), which states that "any civil action brought in a State court of which the district courts of the United States have *original jurisdiction* . . . ." (emphasis added). *See also* § 1441(b) (stating that a case is removable if a court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States"). The state law claims in *Weinrich II* do not provide the Court with original jurisdiction. Had Plaintiff never asserted the ADEA claim in *Weinrich I*, but solely sought the state law claims of *Weinrich II*, the Court could not exercise jurisdiction over the state law claims simply because the facts before the Court could give rise to an ADEA claim. Moreover, Defendants have pointed to no prohibition against asserting two suits on the same set of facts, and against being able to

**446**

maintain one of those suits in federal court and one in state court. Defendants' argument is an invitation for the Court to bootstrap jurisdiction over *Weinrich II* based upon a federal claim asserted in *Weinrich I*. The Court declines the invitation, and concludes that it cannot exercise supplement jurisdiction over *Weinrich II*, as there is no basis on which it could be removed in the first instance.

Plaintiff has also requested that the Court impose sanctions on Defendants for a baseless removal. The Court chooses not to impose sanctions, as there was a reasonable basis on which *Weinrich II* could be removed.

IT IS THEREFORE ORDERED that the Motion of Plaintiff to Remand [6–1] is well taken and is hereby granted.

IT IS FURTHER ORDERED that the Motion of Plaintiff for Sanctions [6–2] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that the Motion of Plaintiff Strike Defendants' Corrected Notice of Removal [8–1] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that the Clerk of the Court shall remand this matter to the First Judicial District of the Circuit Court of Hinds County, Mississippi.