# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2011

No. 10-41252
Summary Calendar

Lyle W. Cayce
Clerk

NICOLE ORTIZ,

Plaintiff - Appellee

v.

THOMAS A. YOUNG; ATLAS CREDIT COMPANY, INCORPORATED,

Defendants - Appellants

Appeals from the United States District Court
for the Southern District of Texas
No. 7:10–cv–00334

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Thomas A. Young ("Young") and Atlas Credit Company, Inc. ("Atlas") (collectively "Appellants") bring this appeal following the district court's grant of Plaintiff-Appellee Nicole Ortiz's ("Ortiz") motion to remand. AFFIRMED.

## I.

On June 17, 2010, Ortiz filed suit in the 206th Judicial District Court of Hidalgo County, Texas. Her suit against Atlas alleged violations under Title VII

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41252

of the Civil Rights Act of 1964. Against Young, Ortiz asserted claims against Young, Atlas's owner, for assault and intentional infliction of emotional distress. Ortiz served both with citation on July 23, 2010. On August 16, 2010, pursuant to 28 U.S.C. § 1441(b), Atlas filed its application for removal to the Southern District of Texas. Atlas's application made no mention of Young. On September 14, 2010, Ortiz filed a motion to remand arguing that removal was defective because not all defendants had consented to removal within thirty days. On September 20, 2010, Young consented to removal. On November 3, 2010, the district court granted Ortiz's motion for remand. This appeal followed.

## II.

### A.

We review *de novo* a district court's determination of the propriety of removal. *Webb v. Investacorp*, Inc. 88 F.3d 252, 255 (5th Cir. 1996).

### B.

28 U.S.C. §1446 (a) requires that all defendants join in a petition for removal. *Tri-Cities Newspapers, Inc. v. Tri-Cities Pressmen & Assistants' Local 349*, 427 F.2d 325, 326–27. This requires that all served defendants join in the removal petition prior to the expiration of the removal period. *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002). Section 1446(b) explains that the "notice of removal of a civil action or proceeding shall be filed within thirty days" after service of the citation. 28 U.S.C. § 1446(b). In *Doe v. Kerwood*, 969 F.2d 165 (5th Cir. 1992), we held that when a civil action has multiple defendants, as is the case here, then all defendants must act collectively to remove that case. *Id.* at 167. This requirement has been named the "unanimity of consent rule." *Id.*

### C.

Here, Atlas timely filed an application to remove the matter. 28 U.S.C. § 1446(b). Young did not. Thus, removal was defective and remand appropriate.

No. 10-41252

*Kerwood*, 969 F.2d 169.  Young appeals to the district court's equitable powers to excuse his tardy application for removal.  This court has held that sometimes exceptional or unique circumstances might permit removal after the expiration of the thirty day period prescribed by § 1446(b).  *Brown v. Demco*, 792 F.2d 478, 482 (5th Cir. 1986); *Getty Oil Co. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988); *Gillis*, 294 F.3d at 759.  Yet, as Ortiz correctly indicates, those instances where this court has exercised its equitable powers to permit a party to consent to removal outside of the statutorily prescribed time frame often concern plaintiff conduct, and not untimely consent to removal by a defendant.  For example, in *Brown*, we stated that "[e]xceptional circumstances might permit removal" when confronting bad faith efforts to prevent removal.  792 F.2d at 482.  Meanwhile, *Kerwood* permits removal outside of the window in order to prevent injustice.  *Kerwood*, 794 F.3d at 759.  Here, no such conduct by Ortiz in her service of citation compels the court to exercise its equitable powers.  Moreover, no injustice will be obviated by the court condoning tardy consent to removal.

As an aside, we note that in neither his opening brief nor in his reply brief does Young address which exceptional circumstances should compel the district court to permit him to consent to removal outside of the thirty day period outlined in 28 U.S.C. § 1446.  Instead, Young merely quibbles with the district court's declining to permit him to do so.  Thus, because Young failed to consent to removal as prescribed in 28 U.S.C. § 1446(b), the district court's remand of this matter was not in error.

### III.

For the reasons stated above, the judgment of the district court is AFFIRMED.