ASAP AUTO GROUP, LLC and Joseph C. Martin, Plaintiffs

v.

MARINA DODGE, INC., American Auto Stock, Inc. d/b/a Marina Mitsubishi, John Gabriele, Sonia Romantini, Tony Gabriele, and Tracy Gentry, Defendants.

Civil Action No. 3:13CV802TSL–JMR.

United States District Court, S.D. Mississippi, Northern Division.

Signed Feb. 18, 2014.

---

69. R. Doc. No. 42.

Eduardo Alberto Flechas, Ronald E. Stutzman, Jr., Flechas & Associates, PA, Jackson, MS, for Plaintiffs.

J. Wyatt Hazard, Peter J. McKelroy, Daniel, Coker, Horton & Bell, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

There have been filed in this cause a motion by plaintiffs ASAP Auto Group, LLC and Joseph C. Martin to remand pursuant to 28 U.S.C. § 1446, and a motion by defendants Marina Dodge, Inc., American Auto Stock, Inc. d/b/a Marina Mitsubishi (Marina Mitsubishi), John Gabriele, Sonia Romantini and Tony Gabriele to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure or, in the alternative, to transfer venue to the United States District Court for the Western District of New York pursuant to the provisions of 28 U.S.C. §§ 1404 or 1406. Because the court, having considered the parties' memoranda of authorities and accompanying attachments on the motion to remand, concludes that the motion to remand should be granted, the court does not reach the motion to dismiss or, alternatively, to transfer.

Plaintiffs, both citizens of Mississippi, filed the present action in the Circuit Court of Lauderdale County, Mississippi, against Marina Dodge, Marina Mitsubishi, John Gabriele, Sonia Romantini and Tony Gabriele, all citizens of New York, and against Terry Gentry, a citizen of Michigan, asserting claims for breach of contract, libel, fraud and slander, and intentional interference with business relations. Plaintiffs demanded $4,000,000 in actual damages and $1,000,000 in punitive damages. Defendants Marina Dodge, Marina Mitsubishi, John Gabriele, Sonia Romantini and Tony Gabriele removed the case to this court pursuant to 28 U.S.C. § 1446 [1]

---

1. Although named defendant Tracy Gentry did not join in the removal petition, plaintiffs have advised that they have been unable to serve him with process. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring that for removals under § 1441(a), all properly joined and served defendants must join in or consent to removal).

on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[2]

Plaintiffs timely moved to remand, contending that removal was improvident inasmuch as the contract that is the subject of their complaint includes a forum selection clause which mandates venue in Lauderdale County, Mississippi. The forum selection clause on which plaintiffs rely states:

> Jurisdiction Venue and Litigation: The parties agree that the Laws of the State of Mississippi will govern the terms of this agreement and relationship between the parties. This agreement was negotiated in Lauderdale County, Mississippi, which will constitute the proper venue for jurisdiction on any legal dispute. In conjunction, any and all reasonable and necessary attorney's fees, court costs and other related expenditures incurred by ASAP during prelitigation, mediation, trial litigation, post litigation, and any court appeals shall be the sole responsibility of the client.

Plaintiffs submit that the forum selection clause establishes Lauderdale County as the exclusive venue for litigation and trial of any action between the parties to the agreement, and that since there is no federal court located in Lauderdale County, Marina Dodge and Marina Mitsubishi are precluded from removing the case to this court or from consenting to removal by their codefendants.

Defendants argue first in response that plaintiffs' motion to remand must be denied since the forum selection clause on which the motion is based is not valid or enforceable. More particularly, they contend that the contracts on which the complaint is based, and in which the forum selection clauses are contained, are not valid since the contracts were never executed by plaintiffs.[3] On this issue, defendants explain that prior to executing proposed contracts received from plaintiffs, John Gabriele, in his capacity as president of Marina Dodge and Marina Mitsubishi, wrote in certain provisions that were material to his execution of the contracts and then returned the contracts to ASAP. Defendants assert that "ASAP never executed and returned any of the subject contracts," and they submit that consequently, the purported contracts and the forum selection provision contained therein are not valid. However, defendants do not deny that Gabriele signed the contracts containing the forum selection clause, and which are the basis of plaintiffs' complaint herein. Moreover, plaintiffs have submitted with their rebuttal on the remand motion copies of the contracts with John Gabriele's revisions executed by both Gabriele, on behalf of Marina Dodge and Marina Mitsubishi, and by Joseph Martin on behalf of ASAP. The evidence thus belies defendants' position.

The Fifth Circuit has held that "mandatory forum selection clauses ... are presumed to be valid and enforceable, so that the party seeking to bar enforcement bears the heavy burden of demonstrating that the clause is unreasonable under the circumstances." *New South Equipment Mats, LLC v. Keener*, 989 F.Supp.2d 522, 526, Civil Action No. 3:13CV162TSL–JMR, 2013 WL 5946371, at *3 (S.D.Miss. Nov. 5, 2013) (citing *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998)). A mandatory forum selection

---

**2.** For a case to be removed based on diversity of citizenship, the matter in controversy must exceed $75,000 and complete diversity must exist between all parties. 28 U.S.C. § 1332. Those requirements are satisfied here.

**3.** The parties entered a number of contracts with identical terms, including the identical forum selection clause.

clause has "express language limiting the action to the courts of a specific locale which is clear, unequivocal and mandatory." *Bentley v. Mutual Benefits Corp.,* 237 F.Supp.2d 699, 701–02 (S.D.Miss. 2002).[4] Given that the forum selection clause at issue here states unequivocally that "Lauderdale County, Mississippi, ... *will constitute the proper venue* for jurisdiction on any legal dispute...," it is clearly mandatory. Defendants do not contend otherwise.

■ The Fifth Circuit has held that a forum selection clause which provides for venue in a specific county permits venue in either federal or state court where a federal courthouse is located in that county; but if there is no federal courthouse in the selected county, such a forum selection clause mandates venue in the state courts sitting in that county. *See Alliance Health Group, LLC v. Bridging Health Options, LLC,* 553 F.3d 397, 400 (5th Cir. 2008). In that circumstance, venue will not lie in a federal judicial district, like this one, that merely includes the county named in the forum-selection clause. *Id.* Here, while there was a federal courthouse located in Lauderdale County at the time of contracting and at the time plaintiffs' complaint was filed, that courthouse was officially closed three days prior to the date defendants filed their removal petition.[5] Thus, at the time of removal, there was no federal courthouse located in Lauderdale County, making the state courts of Lauderdale County the only proper venue for litigation between the contracting parties according to the terms of their forum selection clause.

Defendants, however, maintain that plaintiffs have waived application of the subject forum selection clause by joining their claims against Marina Dodge and Marina Mitsubishi, which are parties to the agreements containing the forum selection clause, with claims against other defendants who are not parties to the contracts and who are therefore not bound by the forum selection clause. Their argument in this regard has reference to the "unanimity of consent rule," derived from 28 U.S.C. § 1446(b)(2)(A), which provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Since under this rule, a case may not be removed unless all defendants consent to removal, "[w]hen a civil action has multiple defendants, as is the case here, then all defendants must act collectively to remove that case...." *Ortiz v. Young,* 431 Fed.Appx. 306, 307 (5th Cir. 2011).

■ However, a party may waive its right to remove, and a party that waives the right to remove cannot validly consent to removal by his codefendants. The Fifth Circuit has identified "three ways in which a party may clearly and unequivocally waive its removal rights: '[1] by explicitly stating that it is doing so, [2] by allowing the other party the right to choose venue, or [3] by establishing an exclusive venue within the contract.'" *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's,* 579 F.3d 442, 443–44 (5th Cir.2009) (quoting *City of New Orleans v. Mun. Admin. Services, Inc.,* 376 F.3d 501, 504 (5th Cir.2004)).

---

4. In contrast, "a permissive forum selection clause authorizes jurisdiction or venue in a selected forum, but does not prohibit litigation elsewhere." *Bentley v. Mutual Benefits Corp.,* 237 F.Supp.2d 699, 701–02 (S.D.Miss. 2002).

5. On December 20, 2013, three days prior to removal, the president signed the Realignment Act of 2013, which modified the composition of the southern judicial district of Mississippi and closed the federal courthouse in Meridian, Lauderdale County, Mississippi.

Here, the forum selection clause in the contract executed by Marina Dodge and Marina Mitsubishi establishes an exclusive venue, Lauderdale County, and thus plaintiffs contend that these defendants have waived their right to remove. Defendants argue, though, that "[n]o reasonable basis exists to find that a signing of a forum selection clause by one defendant can serve as a basis for denying federal court jurisdiction to the remaining defendants who did not execute such." The court is not persuaded. Indeed, under the unanimity of consent requirement, any properly joined defendant may deny a federal forum to his codefendants by refusing to consent to removal. The effect is the same whether he waives the right to remove in advance or withholds his consent after suit is filed.

The court in *B & S Equipment Co., Inc. v. Cahaba Disaster Recovery, L.L.C.*, Civil Action No. 11–3144, 2012 WL 1327791 (E.D.La. Apr. 16, 2012), noted that the Fifth Circuit in *Doe v. Kerwood* had refused a request to adopt a rule "to exclude the consent of a party who would not be entitled to remove if it were the sole defendant." 2012 WL 1327791, at *2 (citing *Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir. 1992)). Thus, the court in *B & S* held that based on the requirement of unanimity of consent, a forum selection clause which contractually prevented one defendant from consenting to removal also prevented removal by his codefendants. *Id.* (citing *Amerisource Funding, Inc. v. Skiba*, Civil Action No. H–09–2829, 2009 WL 6472946,

at *3 (S.D.Tex. Nov. 17, 2009), in which court held that "[b]ecause ... most of the named Defendants in this case could not legally consent to removal because they waived that right under the [contracts], none of the Defendants, whether parties to the contract or not, can properly remove to this Court.", and *Insight Holding Group, LLC v. Sitnasuak Native Corp.*, 685 F.Supp.2d 582, 589 (E.D.Va.2010), where court held that "mandatory forum selection clause ... operate[d] as a waiver of [codefendants'] statutory removal right"). The court thus found that it was bound to remand the entire case, emphasizing that,

> "[c]ontrary to defendants' suggestion, doing so does not 'require a defendant that was not a party to a forum selection clause to be bound by such clause.' Remand is not required because [co-defendant] is somehow bound by a forum selection clause to which it did not agree. Rather, remand is necessary because the forum selection clause contractually prevents [Cahaba] from validly consenting to removal of this case." [*Insight Holding Group*, 685 F.Supp.2d at 590]. "Thus, because all defendants cannot consent to removal, the firmly established unanimity requirement for removal is not met." *Id.* at 590.

*B & S*, 2012 WL 1327791, at *2. This court finds the court's rationale for this conclusion "as compelling as it is apparent[,]" *Insight Holding Group*, 685 F.Supp.2d at 590, and thus rejects defendants' argument on this issue.[6]

6. In support of its position, defendants cited *McMahan Jets, LLC v. X–Air Flight Support, LLC*, Civil Action No. 2:10cv175 KS–MTP, 2011 WL 39810 (S.D.Miss. Jan. 6, 2011), together with *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of Louisiana, L.L.C.*, No. 09–6270, 2010 WL 1731204 (E.D.La. Apr. 28, 2010) and *RK Dixon Co. v. Dealer Mktg. Servs., Inc.*, 284 F.Supp.2d 1204 (S.D.Iowa 2003). The court in *McMahan Jets* held that where the plaintiff joined his claim against Rizo Jet, which was bound by a forum selection clause, with his claims against other defendants who were not parties to the forum selection clause, the plaintiff "waived any right to remand based solely on the forum selection clause that may have otherwise existed had it brought its action only against Rizo Jet." 2011 WL 4344208, at *4 (citing *Jefferson Parish* as denying a motion to re-

Defendants next argues that Marina Dodge and Marina Mitsubishi did not clearly and unequivocally waive their right to remove, since even though there is no longer a federal courthouse in Lauderdale County, there was one at the time the contracts at issue were entered in August 2013. In the court's opinion, in all relevant respects, this case is like *Yakin v. Tyler Hill Corp.*, 566 F.3d 72 (2d Cir.2009), *cert. denied*, 558 U.S. 947, 130 S.Ct. 401, 175 L.Ed.2d 271 (2009). In 1999, the plaintiff Yakin and the defendant Tyler Hill Corp. entered an agreement containing a forum selection clause which provided that " 'the venue and place of trial of any dispute that may arise out of this Agreement or otherwise ... shall be in Nassau County, New York.' " *Id.* at 74. At the time the agreement was entered, there was a federal courthouse located in Nassau County, New York. In 2007, Yakin filed suit against Tyler Hill in a Nassau state court arising out of the subject matter of the agreement. By the time the suit was filed, the federal courthouse in Nassau County had closed and been relocated to Suffolk County. *Id.* Notwithstanding this, Tyler Hill removed the case on the basis of diversity jurisdiction to the United States District Court for the Eastern District of New York, which encompassed but was not located in Nassau County. Yakin moved to remand, contending the forum selection clause mandated venue in Nassau County.

Consistent with the Fifth Circuit's interpretation of similar forum selection claus-

es, the court rejected Tyler Hill's first contention, that the forum selection clause did not exclude venue in a federal district court with jurisdiction over Nassau County. *Id.* at 75. The court also rejected Tyler Hill's alternative argument that the clause was ambiguous and thus could not constitute a clear and unequivocal waiver of federal jurisdiction. *Id.* The court found there was "no ambiguity in the forum selection clause[,]" stating,

> A reasonable person reviewing the statement "It is agreed that the venue and place of trial of any dispute that may arise out of this Agreement ... shall be in Nassau County, New York," would necessarily conclude that the parties intended that litigation take place in an appropriate venue in Nassau County and that this commitment was not conditioned on the existence of a federal courthouse in that county.

*Id.* at 76. The court thus concluded that the clause constituted a waiver by Tyler Hill of the right to remove. The court explained that "[p]arties are free to bind themselves to forum selection clauses that trump what would otherwise be a right to remove cases to federal courts[,]" *id.* (citing *Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659–60 (2d Cir.1988)), and *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir.2007) ("[C]ontracting parties may ... agree in advance on a forum where any and all of their disputes must be brought...."); and it concluded that was

mand because the plaintiff combined "into one action claims based on two contracts, only one of which contains a forum-selection clause", and *RK Dixon*, as finding that the court did not have authority to remand the entire case even if it wanted to because the plaintiff combined into one action claims based on two contracts, one of which did not contain a forum selection clause).

The court in *B & S Equipment Co., Inc. v. Cahaba Disaster Recovery, L.L.C.*, Civil Action No. 11–3144, 2012 WL 1327791 (E.D.La. Apr. 16, 2012), rejected the holdings of these courts, finding more persuasive caselaw holding that one defendant's waiver of the right to remove prohibits the remaining defendants from removal. 2012 WL 1327791. This court follows the same course.

precisely what Tyler Hill had done, *id.* On this issue, the court wrote as follows:

> To the extent that a forum selection clause binds diverse parties by its express terms to a specific jurisdiction that is not federal, it waives a statutory right to remove. *See* 28 U.S.C. § 1441(b). However, where, as here, the clause merely contains obligatory venue language, it conveys nothing about the parties' intent as to jurisdiction. As the Supreme Court has stated, we are obliged to give effect to the parties' intentions regarding venue "by specifically enforcing the forum clause" absent a strong showing that it should be set aside. *M/S Bremen [v. Zapata Off-Shore Co.,* 407 U.S. 1, 12, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) ].
>
> Given that the forum selection clause contains only obligatory venue language, we will effectuate the parties' commitment to trial in Nassau County. Had there been a federal court located in Nassau County at the time of this litigation, remand would have been improper. But there was none.

*Id.* As in *Yakin,* the forum selection clause at issue in this case was not conditioned on the existence of a federal courthouse in Lauderdale County and thus here, as in *Yakin,* the forum selection clause operates as a waiver of Marina Dodge's and Marina Mitsubishi's right to remove. And, since these defendants have waived their right to remove, the required unanimity of consent to removal is lacking. Therefore, the court concludes that the entire case should be remanded.

Accordingly, it is ordered that plaintiffs' motion to remand is granted.